JOHN A. BAGLEY, Appellant, *v.* PETER BOWE, Respondent.

An assignment for the benefit of creditors is not invalidated by a provision therein authorizing the assignee to compound or compromise debts owing to the assignor.

The general rules for the construction of written instruments, to wit, that a construction will be preferred which will uphold, rather than one which will destroy them, and that in construing a particular clause the whole contract may be considered, apply to assignments for the benefit of creditors.

In such an assignment the declaration of trust as to the assigned property was " to take possession of and sell the same at public auction or private sale and to convert the same into money " and " to apply the proceeds thereof " to the payment of the assignor's debts in the order specified. Following this was a clause conferring upon the assignee power to execute bills of sale or other conveyance, which he might consider necessary or requisite " to carry into effect the intent and purpose " of the instrument in the name of the assignors " for such consideration in money *or other things*" as he should deem sufficient. *Held*, that the clause did not confer authority to sell on credit or to exchange the assigned property for other property, and so, it did not invalidate the assignment.

To justify the court in directing a verdict in any case upon the facts, the evidence must be undisputed or so certain and convincing that no reasonable mind could come to any but one conclusion.

In other cases, while the trial court or the General Term is authorized to set aside the verdict and direct the issues to be retried before another jury, if in its judgment the verdict is against the weight or preponderance of evidence, the court cannot take from that tribunal the ultimate decision as to the facts.

(Argued March 11, 1887; decided March 25, 1887.)

APPEAL from judgment of the General Term of the Superior Court of the city of New York entered upon an

order made February 4, 1884, which affirmed a judgment in favor of defendant, entered upon a verdict directed by the court.

This action was brought by plaintiff, who claimed as assignee of Swezey & Dart, under an assignment for the benefit of creditors, to recover for the alleged conversion of a portion of the assigned property. Defendant justified under certain attachments and executions against Swezey & Dart, issued to him as sheriff, claiming the assignment to be fraudulent and void as to creditors.

After the granting clause in the assignment the trust was declared in these words: — "In trust, nevertheless, for the uses and purposes following, viz.:

*First.* To take possession of and sell the same at public or private sale, and to convert the same into money.

*Second.* To apply the proceeds thereof, after first deducting therefrom all necessary costs, charges and expenses of executing the trust hereby created, as follows, viz.: "

After specifying the debts in the order of payment the assignment contains this clause:

" And for the better and more effectual execution of these presents and of the trusts hereby created, the said parties of the first part, as copartners as aforesaid, and the said Joseph Dart, individually, hereby make, constitute and appoint the said party of the second part the true and lawful attorney irrevocable of the said parties of the first part as such copartners, and of the said Joseph Dart, individually, with full power and authority to ask, demand, sue for, recover and receive, and in his discretion to compound, compromise, release and give acquittance for all debts, demands and claims of every kind and nature due or to become due from any and all persons to said parties of the first part as copartners as aforesaid, or to the said Joseph Dart, individually, and to ask, demand, sue for and take into his possession and control any and all property, real, personal and mixed, of whatever nature and wherever situated belonging to the said parties of the first part as copartners, and to the said Joseph Dart, individu-

ally, and to institute such actions and proceedings at law or equity or otherwise, in the name and behalf of the said parties of the first part as such copartners, or in the name of the said Joseph Dart, individually, as in his discretion may be necessary for the purposes hereof or any of them, and to execute, acknowledge and deliver, in the name of the said parties of the first part as such copartners, or in the name of the said Joseph Dart, individually, for such consideration in money or other thing as he may deem sufficient; all such deeds, bills of sale or other conveyances in writing, under seal or otherwise, and all such releases, contracts, and other instruments in writing or under seal as in his discretion may from time to time be necessary or requisite to carry into effect the intent and purpose of this instrument, or any of such purposes, with full power and authority unto the said party of the second part to do all such acts and things in and about the premises as the said parties of the first part, as copartners as aforesaid, or the said Joseph Dart, individually, might or could lawfully do if acting personally or directly, hereby ratifying and confirming all that the said party of the second part or his substitute may lawfully do by virtue hereof."

The further facts, so far as material, are stated in the opinion.

*Edwin B. Smith* for appellant. Where an assignment does not in express terms authorize or require an illegal act to be done by the assignee, the legal inference is that the assignor did not intend to authorize any such act. (*Benedict* v. *Huntington*, 32 N. Y. 219; *Jacobs* v. *Remsen*, 36 id. 668; *Ginther* v. *Richmond*, 18 Hun, 232; *Kellogg* v. *Slauson*, 11 N. Y. 304, 308.) The assignment took effect immediately, to pass everything which was in law and in fact the property of the assignors, " of every name and nature, not exempt from attachment by law, wheresoever situate and by whatsoever muniments of title evidenced. (*Brennan* v. *Wilson*, 71 N. Y. 502, 505-507; *Juliand* v. *Rathbone*, 39 Barb. 97; 39 N. Y. 375; *Thrasher* v. *Bentley*, 59 id. 649; 1 Abb. [N. C.] 39, 47; *Hickman* v. *Messenger*, 49 Penn. St. 455; *Clark* v. *Dutcher*,

9 Cow. 674; *People* v. *Stephens*, 71 N. Y. 559; *Wyman* v. *Farnsworth*, 3 Barb. 371; *Sandford* v. *Mayor, etc.*, 33 id. 151; *Holdredge* v. *Webb*, 64 id. 22; *Doll* v. *Earle*, 65 id, 300.) The only illegality which avoids an assignment is that which makes it the instrument of defeating or delaying the collection of debts. (*Wilson* v. *Forsyth*, 24 Barb. 107, 128; *Horwitz* v. *Ellinger*, 31 Md. 492; *McIntosh* v. *Corner*, 33 id. 598; *Page* v. *Bacon*, 21 Me. 280; 2 Parsons on Con. 771; *Hemmingway* v. *Hamilton*, 4 M. & W. 115; *Feret* v. *Hill*, 15 C. B. 207; 26 Eng. L. & Eq. 261; *Abbey* v. *Dewey*, 25 Penn. St. 413.) An assignment, valid at its inception, cannot be invalidated by any subsequent acts, either of the assignor or of the assignee. (*Shultz* v. *Hoagland*, 85 N. Y. 464 · *Cuyler* v. *McCartney*, 40 id. 222; *Wilson* v. *Forsyth*, 24 Barb. 105; *Browning* v. *Hart*, 6 id. 91.) The omission, under the circumstances, to schedule the ninety-six bales of twine was not only *per se* not fraudulent in law, but no evidence to sustain a charge of fraudulent intent, in fact. (*Shultz* v. *Hoagland*, 85 N. Y 464; *Marbury* v. *Brooks*, 7 W. 556, 577; *Brooks* v. *Marbury*, id. 78, 89; *Tompkins* v. *Wheeler*, 16 Pet. 116, 118.) Had there been aught ambiguous about the conduct of the parties tending to show an assignment, good upon its face, to have been made with a fraudulent intent, the existence or non-existence of such intention was a fact, the determination of which should have been left to the jury. (85 N. Y. 464; *Vance* v. *Phillips*, 6 Hill, 435, 436; *Livermore* v. *Northrop*, 44 N. Y. 107; *Seymour* v. *Wilson*, 14 id. 567; *Griffin* v. *Marquardt*, 21 id. 121; *Bedell* v. *Chase*, 34 id. 386; *Thurston* v. *Cornell*, 38 id. 287; *Griffin* v. *Cranston*, 1 Bosw. 281, *Erwin* v. *Voorhees*, 26 Barb. 127, *Matthews* v. *Poulteney*, 33 id. 127.) The same intendments of honest purpose and of the validity of the deed apply to voluntary assignments as to other instruments. The *onus* is upon a creditor who assails it to show it to be void. (*Turner* v. *Jaycox*, 40 Barb. 164, 173; 40 N. Y. 470; *Townsend* v. *Stearns*, 32 id. 209, 213; *Reed* v. *Worthington*, 9 Bosw. 617; *Whipple* v. *Pope*, 33 Ill. 334.) If such an instrument, or any clause thereof, is sus-

ceptible of two constructions, "the intendment that standeth with law" shall be taken. (*Townsend* v. *Stearns*, 32 N. Y. 214, 215; *Benedict* v. *Huntington*, id. 218.) The mere fact that two provisions, independent in their nature, are found in the same instrument, can never avail to stamp upon them, or either of them, the character of fraud, when the provisions, separately considered, are admitted to be lawful. (Bump. Fr. Con. 360.) Even if the assignment could be held to authorize the assignee to compound with debtors of Swezey & Dart, this would not invalidate the assignment. (*McConnell* v. *Sherwood*, 84 N. Y. 522; *Coyne* v. *Weaver*, id. 386; *Conklin* v. *Conrad*, 6 O. St. 611; *Lininger* v. *Raymond*, 9 Neb. 40; *Kellogg* v. *Slauson*, 11 N. Y. 304–308.) The objection to the assignment upon its face, that "the preferences in the assignment do not set out any particular amount" states no legal ground for invalidating it. (*Bank of Silver Creek* v. *Talcott*, 22 Barb. 550, 553.)

*Charles F. MacLean* for respondent. The failure to transfer all the assignor's property clearly shows a fraudulent purpose on his part. (*Shultz* v. *Hoagland*, 85 N. Y. 471; *Wilson* v. *Forsyth*, 24 Barb., 105; *De Camp* v. *Marshall*, 2 Abb. [N. S.] 373; *Grover* v. *Wakeman*, 11 Wend. 187; *Mackey* v. *Cairns*, 5 Cow. 549; *Judson* v. *Gardner*, 4 N. Y. Leg. Obs. 424; *Jackson* v. *Parker*, 9 Cow. 73, 86; *Hazard* v. *Caswell*, 93 N. Y. 259; *Lockwood* v. *Bostwick*, 2 Daly, 521; *Corwin* v. *Daly*, 7 Bosw. 222; *In re Knox*, 1 Monthly L. B. 47; *Hegeman* v. *Hegeman*, 8 Daly, 1; *In re Swezy*, 10 id. 107.) A fraudulent preference avoids the assignment. (*Feidler* v. *Day*, 2 Sand. 594; *Bostwick* v. *Menck*, 40 N. Y. 383.) Any power to dispose of the assigned estate, for anything else than cash, avoids the whole deed. (*Rapalee* v. *Stewart*, 27 N. Y. 310; *Moir* v. *Brown*, 14 Barb. 51; *Schufeldt* v. *Abernethy*, 2 Du. 533; *Burdick* v. *Post*, 6 N. Y. 522; *Griffin* v. *Barney*, 2 id. 365; *Porter* v. *Williams*, 9 id. 142; *Yates* v. *Andrews*, 37 id. 657.) Any clause which could be legitimately set up by the assignee as a justification

for a course of conduct in regard to the assigned property in any respects different from that which the law would direct, of necessity vitiates the assignment. (*Jessup* v. *Hulse*, 21 N. Y. 168; *Townsend* v. *Stearns*, 32 id. 209; *Schlusself* v. *Willitt*, 22 How. 18; *Nicholson* v. *Leavitt*, 6 N. Y. 510; *Dunham* v. *Waterman*, 17 id. 9; *Nichol* v. *McEwen*, 17 id. 22.)

ANDREWS, J. The trial judge directed a verdict for the defendant on the ground that the assignment of February 3, 1881, made by Dart, one of the firm of Swezey & Dart, to the plaintiff, was void, as having been made with intent to hinder, delay and defraud creditors. The assignment in form was a general assignment for the benefit of the creditors of the firm of Swezey & Dart and the individual creditors of Dart, and was executed by Dart in the firm name and also as an individual. It purported to transfer and assign to the plaintiff all the property of the firm, "real, personal and mixed, not exempt from attachment by law," for the benefit of the firm creditors, and also the individual property of Dart for the benefit of his individual creditors. The General Term affirmed the judgment, and the sole point now presented is whether the question of fraud should have been submitted to the jury.

In support of the judgment it is claimed that the assignment was void on its face, but it is also insisted that the evidence of fraud, extrinsic to the instrument, was so conclusive that the court was justified in withholding the case from the jury, and in ruling, as matter of law, that fraud in fact was established. The provisions in the instrument of assignment upon which the defendant relies to establish its invalidity relate to the powers conferred upon the assignee, *first*, "to compound, compromise and release" debts owing to the assignor, and, *second*, to "execute, acknowledge and deliver in the name of the said parties of the first part (assignors), as such copartners, or in the name of the said Joseph Dart, individually, for such consideration, in money *or other thing*

as he may deem sufficient, all such deeds, bills of sale or other conveyances, in writing, under seal or otherwise, and all such releases, contracts and other instruments in writing or under seal as in his discretion may from time to time be necessary to carry into effect the intent and purpose of this instrument." The validity of a provision in a general assignment for the benefit of creditors, authorizing the assignee to compound or compromise debts owing to the assignor, has been recently affirmed in this court, and is no longer an open question. (*Coyne* v. *Weaver*, 84 N. Y. 386.) The stress of the argument against the validity of the instrument of assignment is placed on the clause conferring upon the assignee the power to execute deeds, bills of sale, or other conveyances in writing, "for such consideration in money or other thing" as he may deem sufficient. This clause, it is insisted, authorizes the assignee to sell or dispose of the assigned property upon credit, or upon any consideration, whether in money or property. If this is the true construction of the provision, there can be no doubt of its invalidity. The law justifies and upholds trusts created by insolvent debtors of their property, through general assignments for the benefit of their creditors, only when they provide for the immediate and unconditional surrender and application of the assigned property to the payment of their debts, and any attempt to confer upon the assignee the power to delay the collection and conversion of the assets into money, is held to be unlawful and to vitiate the assignment. It has, therefore, been· held that an authority contained in the assignment to sell the assigned property on "credit," or for "cash or upon credit" as in the judgment of the assignee may appear best, or to convert the property into "money or available means," renders the assignment fraudulent and void. (*Nicholson* v. *Leavitt*, 6 N. Y. 510; *Burdick* v. *Post*, id. 522, *Brigham* v. *Tillinghast*, 13 id. 215.) Construing the clause in question, in view of the general rule of construction of written instruments, that a construction will be preferred which will uphold, rather than one which will destroy them (a rule applicable as well to insolvent assignments as to

other instruments), and the further rule that in construing
a particular clause, the whole context may be considered,
we are of opinion that the clause in question should not
be deemed to confer authority to sell the assigned property
on credit, or to exchange it for other property. The
language of the whole paragraph seems more appropriate to a
mere power of attorney than to an instrument of transfer or
conveyance. It authorizes the assignee to execute deeds, bills
of sale, etc., "in the name of the parties of the first part"
(the assignors), a power which they would very rarely, if ever,
find it necessary to exercise. But the power is in express
terms limited to instruments which the assignee may deem
necessary or requisite "to carry into effect the intent and pur-
pose of this instrument." Looking at the preceding parts of
the assignment it is found that the granting clause is followed
by a declaration of the trusts upon which the assignee is to take
the property, the first of which is "to take possession of and
sell the same at public or private sale, and to convert the same
into money," and next to "apply the proceeds thereof," after
deducting necessary costs, charges and expenses, to the pay-
ment of the debts of the assignors, in the order specified.
This explicit authority and direction to sell the assigned
property and convert the same into money, cannot be recon-
ciled with the subsequent power to execute in the names of
the assignors, deeds, bills of sale and other conveyances, "for
such consideration in money or other thing" as the assignee
may deem sufficient, provided the latter clause, as is claimed
by the defendant, authorizes the assignee to dispose of the
assigned property on credit, or to exchange it. But we
are of opinion that this supposed inconsistency does not in
fact exist. It is not difficult to imagine cases where in the
adjustment of property interests held in common by the
assignors and third persons, mutual releases and transfers might
become necessary, setting apart in severalty to each owner
his interest in the common property, or where in the process
of conversion it might become necessary for the assignee to

execute instruments, upon a consideration other than the payment of money, affecting the assigned estate, but not involving any sale or exchange. It is not improbable that the draughtsman inserted this clause without any very definite purpose, following some precedent. But however this may be, the provision is quite too vague to overcome the explicit direction in the prior clause, requiring in substance that the property should be sold for money, and especially in view of the expressed purpose of the latter clause, that the power thereby given was "to carry into effect the intent and purpose" of the instrument.

Two extraneous matters are relied upon to establish the existence of fraud in fact, *first*, that the assignor, Dart, intended to withhold from the assignee and the creditors ninety-six bales of twine owned by the firm of Swezey & Dart, upon the false and fraudulent pretense that they belonged to the Wilton Company, of which his mother-in-law was the proprietor, and, *second*, the matter of the "Peerless" trademark, belonging to the firm, used to designate warps manufactured for and sold by the firm. The question whether the judge was authorized to take from the jury the question of fraudulent intent arising upon the extrinsic facts is to be determined in view of the settled rule that to justify the court in directing a verdict in any case upon the facts the evidence must be undisputed, or so certain and convincing that no reasonable mind could come to but one conclusion. If there is ground for opposite inferences, and a conclusion either way would not shock the sense of a reasonable man, then the case is for the jury, although the judge may entertain a clear and decided conviction that the truth is on this or that side of the controversy. The trial court or the General Term is authorized to set aside a verdict and direct the issue to be retried before another jury, if in its judgment the verdict is against the weight or preponderance of evidence, but in a case which of right is triable by jury the court cannot take from that tribunal the ultimate decision of the fact, unless the fact is either uncontradicted or the con-

tradiction is illusory, or where, to use a current word, the answering evidence is a "scintilla" merely.*

\*    \*    \*    \*    \*    \*    \*

The judgment should be reversed and a new trial ordered. All concur.

Judgment reversed.

---

* The omitted portion of the opinion is taken up with a discussion of the evidence, the court reaching the conclusion that it did not justify the withdrawal of the case from the jury.