### ZIMMERN *v.* HEINECKE.

*(City Court of New York, General Term. December 17, 1891.)*

SALE—ACTION FOR PRICE—EXPIRATION OF CREDIT.

   In an action for goods sold and delivered, defendant and his witnesses testified that he was to have one year's time in which to pay for the goods, and that the credit had not expired, which testimony was uncontradicted. *Held,* that the court erred in withdrawing the question of the existence of a credit from the jury, and in directing a verdict for plaintiff.

Appeal from trial term.

Action by Simon E. Zimmern against Edmund Heinecke for goods sold and delivered. From a judgment for plaintiff, defendant appeals. Reversed.

Argued before VAN WYCK, FITZSIMONS, and MCCARTHY, JJ.

*G. C. Comstock,* for appellant. *S. & B. Oppenheimer,* for respondent.

McCARTHY, J.  This action is for goods sold and delivered, and is to re-
cover the sum of $923.87, the value and price of said goods.  It was begun
on the 13th day of March, 1891, and the complainant alleges that the goods
were sold between November 7 and November 11, 1890, and that at the time
of the commencement of the action the price was due and owing plaintiff by
defendant.  The answer admits that the goods were bought, and admits also
the value, but denies the allegation that at the time of the commencement of
the action the money was due and owing, and as an affirmative defense al-
leges that the goods were sold and delivered upon a credit, and at the time of
the commencement of the action the credit had not expired.  Upon the trial
the court decided that the defendant had the affirmative.  The defendant
opened the case, and put on his witnesses.  After hearing these witnesses, the
court directed a verdict in favor of the plaintiff, to which direction the de-
fendant duly excepted.  The whole point in the case is whether, under the
evidence of the defendant's witnesses as presented, the court had the right to
say that the defendant had made out no case; that the facts presented were
not such as to allow of any construction by the jury other than in the plain-
tiff's favor.  At folio 24 of the case, Mr. Heinecke, the defendant, swears
that on November 11th the plaintiff called in and asked him to buy some
goods of him, when Heinecke told him, "I buy only of one house, so as not
to be pushed;" and the plaintiff answered: "Oh, you can buy goods of me,
and I will give you just as long as you want.  I will give you a year's credit."
At folio 26 of the case Mr. Heinecke swears that three weeks later he told
Mr. Zimmern to take his goods back; that he did not want them; that they
were too high-priced.  Mr. Zimmern then told him: "You have plenty of
time.  I will give you a year's time to pay if you have not got money.  You
are good enough."  "He said he would give me a year's time."  At folio 27
the defendant testified that after Christmas the plaintiff approached him for
money, and, when he asked him why he should pay, the plaintiff said: "I
don't bother you.  I am only in a little squeeze now.  You have a year's
time.  You will pay just as you have it."  At folios 28, 29, and 30, the de-
fendant testified that in March the plaintiff called upon him, and asked him
for all of the money, when defendant reminded him that he, the defendant,
had a year's time to pay.  The plaintiff answered him "that he wanted $150,
because he was pressed then."  On cross-examination the defendant testified,
at folio 32, that he had been in the habit of buying goods on 10 days' credit,
but that was only small parcels of one article, and that the reason he wanted
a long time on this stock which was sold him by plaintiff was because he had
just opened a new store, and needed new stock, and that he would need a
year's time to pay for them.  One Sittner, another witness, testified that he
was present when Zimmern, the plaintiff, came in to sell Mr. Heinecke his
goods, and they all told him, Zimmern, that Heinecke did not want to buy
them, on account of the payment; when Zimmern, the plaintiff, answered
him that "payment was all right.  Heinecke could have had the time as
long as he wanted; he was perfectly good to him;" and said, "what is not
paid for in four months he could have a year to pay."  This is found at folio
44 of the case.  Then, on his cross-examination, at folio 53 of the case, he
says "that the terms on the bills given for the goods were one year."  Stephen
Sarbol, another witness of defendant, states he was also present when the
terms were made between Zimmern and Heinecke; and at folio 57 he states
that he heard the plaintiff say that Mr. Heinecke was good; that he would
wait for a year, and not trouble him for the payment; and at folio 59, that Zim-
mern said he would wait for a whole year.  Plaintiff did not call any witnesses.
It is clear from this evidence, uncontradicted as it is, that the goods were sold
on a credit.  What was the extent or time of that credit was a question for the
jury, and should have been submitted to them.  ANDREWS, J., in *Bagley* v.
*Bowe,* 105 N. Y. 179, 11 N. E. Rep. 386, says: "The question whether the

judge was authorized to take from the jury the question of fraudulent intent arising upon the extrinsic facts is to be determined in view of the settled rule that to justify the court in directing a verdict in any case upon the facts the evidence must be undisputed, or so certain and convincing that no reasonable mind could come to but one conclusion." If there is ground for opposite inferences, and a conclusion either way would not shock the sense of a reasonable man, then the case is for the jury, although the judge may entertain a clear and decided conviction that the truth is on this or that side of the controversy. The trial court or the general term is authorized to set aside a verdict, and direct the issue to be retried before another jury, if in its judgment the verdict is against the weight or preponderance of evidence; but in a case which of right is triable by jury the court cannot take from that tribunal the ultimate decision of "the fact, unless the fact is either uncontradicted, or the contradiction is illusory, or where, to use a current word, the answering evidence is a *scintilla* merely." The case at bar certainly comes within this authority. The judgment should be reversed, and a new trial granted, with costs to abide the event. All concur.