(68 App. Div. 475.)

## NORTHAM v. DUTCHESS COUNTY MUT. INS. CO. OF POUGHKEEPSIE.

(Supreme Court, Appellate Division, Fourth Department.   January 21, 1902.)

INSURANCE—CHANGE OF OWNERSHIP—CONSENT OF INSURER—EVIDENCE—VER-
    DICT—NEW TRIAL—DISCRETION.

> In an action on an insurance policy by an assignee, the assignor tes-
> tified at the first trial that immediately after the assignment he informed
> defendant's agent thereof, and that the assignee desired the insurance
> kept in force, and the agent stated that it would be done, but made no
> indorsement on the policy.   On appeal the judgment for the assignee
> was reversed because it was not proven that the agent agreed to make
> the necessary indorsement on the policy.   On the second trial the as-
> signor testified as before, and added that the agent did so agree, but on
> cross-examination could not explain wherein his present testimony dif-
> fered from that on the former trial.   The agent on both trials denied the
> entire conversation, and there was no other evidence thereof.   *Held*, that
> an order setting aside the verdict in favor of the assignee, rendered on
> the second trial, as against the weight of evidence, in the exercise of
> the discretion given the judge by Code Civ. Proc. § 999, should not
> be reversed.
>
> Spring and Williams, JJ., dissenting.

Appeal from trial term, Jefferson county.

Action by Lewis N. Northam, assignee of Wallace G. Northam,
against the Dutchess County Mutual Insurance Company of Pough-
keepsie, N. Y.   From an order granting defendant's motion for a
new trial, plaintiff appeals.   Affirmed.

The action was commenced on the 4th day of March, 1899, to re-
cover upon an insurance policy issued by the defendant to plaintiff's
assignor, which purported to insure certain buildings owned by such
assignor against loss by fire.

Argued before ADAMS, P. J., and McLENNAN, SPRING, WIL-
LIAMS, and HISCOCK, JJ.

N. P. Breen, for appellant.
Horace McGuire, for respondent.

McLENNAN, J.   The action was originally tried in January, 1900,
before the court and a jury, and resulted in a judgment in favor of
the plaintiff for the value of the property destroyed.   Upon that trial
the plaintiff's assignor testified, was corroborated by other witnesses,
and it was established to the satisfaction of the jury, notwithstanding
the denial by the defendant's agent, that after he executed and deliv-
ered a general assignment for the benefit of creditors to the plaintiff
he called upon defendant's agent, informed him of the fact, and stat-
ed, in substance, that the assignee desired the insurance kept in force,
and would pay the fees therefor; that the policy was not in his pos-
session, but was in a safe, of which a former partner had possession;
that defendant's agent stated, in substance, that the insurance would
be kept in force; that it would be all right.   The agent, however,
did not make any indorsement on the policy in respect to the change
of interest in the property insured, as required by the terms of the
policy, and it was not proven that the agent agreed to make such
indorsement.   An appeal from such judgment was taken by the de-

fendant to the appellate division, where it was in all things affirmed (51 App. Div. 618, 64 N. Y. Supp. 1144), and judgment was entered accordingly. From such judgment of affirmance an appeal was taken to the court of appeals, and the judgment was reversed, and a new trial granted, with costs to the appellant to abide event. 166 N. Y. 319, 59 N. E. 912. The court of appeals held, in substance, that the plaintiff was not entitled to recover, because it was not proven that defendant's agent "agreed to make the necessary indorsement, and failed to do so, although the policy was within his reach for the purpose." Upon the new trial which is now the subject of review, the plaintiff's assignor, in addition to what he stated upon the former trial, testified, in substance, that defendant's agent did agree to make the indorsement upon the policy, and that the agent said it was where he could get it for that purpose. Upon this trial the plaintiff called several witnesses, who corroborated his assignor in the statement that he had a conversation with defendant's agent at the time alleged by him, relating to the subject of insurance; but none of such witnesses pretend to have heard defendant's agent say that he would make the indorsement upon the policy, or issue a slip to that effect, as testified to by plaintiff's assignor. It is clear that the addition made by the witness to his former testimony was such, and only such, as was, in effect, declared to be necessary by the court of appeals in order to entitle the plaintiff to recover; and it is perfectly clear that such testimony, either in form or substance, was not given by such witness upon the former trial. This fact alone was sufficient, without explanation, to challenge the credibility of the witness and the truthfulness of his story. The defendant's agent positively denied that any conversation took place between him and plaintiff's assignor in respect to a renewal or continuance of the insurance in the interest of the assignee; but, in addition, and what, perhaps, is of the most significance as bearing upon the questions involved upon this appeal, is the cross-examination of the witness as disclosed by the record in this case. He gave the testimony upon his direct examination substantially as given by him upon the former trial, except that he added what was declared to be essential by the court of appeals. Upon cross-examination he was unable, although repeatedly requested so to do by defendant's counsel, to point out or state what difference there was between the testimony then given and that given by him upon the former trial. He could not state and did not state in what respect he had changed it,—what he had added to it; but, when again permitted to recite the whole conversation, he gave it precisely as upon his direct examination, the important words included. Again, we think such examination was of a character to challenge the credibility of the witness and the truthfulness of his story. Upon all the evidence it cannot be doubted that a question was presented for the determination of the jury, and their verdict must ultimately determine the facts. McDonald v. Railway Co., 167 N. Y. 66, 60 N. E. 282. We think, however, that, considering all the circumstances and all the evidence, it cannot be said that the learned trial court abused its discretion in determining that the verdict rendered by the jury was against the

weight of evidence, and in setting the same aside in the exercise of such discretion. Whether the judge presiding at a trial by a jury properly or improperly exercises the power which is given him by law to set aside a verdict (section 999, Code Civ. Proc.), on the ground that it is against the weight of evidence, must be determined from the facts and circumstances of each case. As was said in the McDonald Case, supra:

"There is no standard by which to determine when a verdict may be set aside. It depends upon the discretion of the court."

In Lyons v. Connor, 53 App. Div. 475, 65 N. Y. Supp. 1085, recently decided in the Second department, the court said:

"While the learned trial justice could not take the case from the jury 'unless the fact is either uncontradicted or the contradiction is illusory,' this did not at all hamper his right to set aside the verdict as against the weight or the preponderance of the evidence. Luhrs v. Railroad Co., 11 App. Div. 173, 42 N. Y. Supp. 606; Bagley v. Bowe, 105 N. Y. 171, 11 N. E. 386, 59 Am. Rep. 488. The justice presiding at the trial term is acute, experienced, and learned. He saw the witnesses, and was not confined, as we are, to the record of their words. If he were convinced that the preponderance of evidence or the interests of justice required him to set aside the verdict, he acted properly. Ferguson v. Gill, 74 Hun, 566, 26 N. Y. Supp. 596."

In Glassford v. Lewis, 82 Hun, 46, 31 N. Y. Supp. 162, Martin, J., in writing the opinion of the court, cites with approval the following language:

"It is at all times a grave question for an appellate court to reverse, on the ground of error, an order made by the trial judge setting aside the verdict as against the weight of evidence."

In McConnell v. Railroad Co., 63 App. Div. 545, 71 N. Y. Supp. 616, recently decided by this court, although holding that the evidence in that case presented a question of fact to be determined by the jury, and although we did not have the opportunity of seeing the witnesses, but were confined to the record of their words, it was held that the verdict should be set aside because against the weight of evidence, and the judgment in favor of the plaintiff was reversed upon that ground. Many other cases might be cited which conclusively establish that it was not an abuse of discretion on the part of the learned trial court to set aside the verdict of the jury in this case. Lund v. Spencer, 42 App. Div. 543, 59 N. Y. Supp. 752; Edall v. Railroad Co., 40 App. Div. 617, 57 N. Y. Supp. 914. Williams v. Railroad Co. (Sup.) 73 N. Y. Supp. 38, recently decided by this court, not yet officially reported.

We think the provision in the order appealed from as to the costs to be paid by the defendant does not err as against plaintiff. It follows that the order appealed from should be affirmed, with $10 costs.

Order affirmed, with $10 costs.

ADAMS, P. J., and HISCOCK, J., concur.

SPRING, J. (dissenting). On the first trial of this action Wallace G. Northam did not testify that the insurance agent, Goodale, agreed to make an indorsement upon the policy denoting the transfer of title to the insured property to the assignee. The court of appeals,

in its opinion granting a new trial, lays stress upon this omission.
Upon the trial we are now reviewing Northam testified that Goodale
did agree to make the indorsement. Goodale denied that he made
any such promise. He goes farther, however, in his testimony, and
denies that he ever had any conversation with 'Northam upon that
subject. He is contradicted in this statement not only by Northam,
but also by William Doughton, who testified that at about the time
given as the date of the conversation, and at the place, he overheard
talk between these two men concerning insurance, in which Northam
said he had made an assignment, and wished his insurance changed;
and that Goodale thereupon answered "that the assignee would have
the benefit from that time." Also another witness testified that at
the time and place stated he saw Northam and Goodale in conversa-
tion. Northam, therefore, is corroborated, in a measure, by two
witnesses, and their testimony is pointedly opposed to that of the
insurance agent. The fact that Northam did not include in his pre-
vious story the statement which now seems to cast suspicion upon it
is not sufficient to take from the jury the determination of this issue
of fact. The credibility of these witnesses is for the jury. Williams
v. Railroad Co., 155 N. Y. 158, 49 N. E. 672; Odell v. Webendorfer,
60 App. Div. 460, 69 N. Y. Supp. 930. In the case last cited the
plaintiff changed his testimony on a new trial to meet the criticism
of the appellate division on the first trial, and recovered another ver-
dict, which was set aside by the trial judge. The appellate division
on appeal reversed the order and granted a new trial upon the
ground that the credibility of the witness, notwithstanding his testi-
mony may have been altered to meet a new emergency, was for the
jury. In the Williams Case the plaintiff testified directly contradic-
tory to his affirmative testimony on the former trial, and the contra-
diction related to the essence of the issues, and was necessary to
enable his case to be submitted to the jury, because of the decision
of the court of appeals on the earlier appeal. A nonsuit was granted,
and the judgment entered thereon was affirmed by the appellate divi-
sion, and reversed by the court of appeals. The court, after forcibly
presenting the facts which indicated that the plaintiff had sworn
falsely, say that his credibility was for the jury, and that it was for
them, not for the court, to determine upon which trial the witness tes-
tified truthfully; the court adding:

"It is the province of the former, not the latter, to weigh the testimony
given in the light of all the circumstances surrounding it." And again: "In
this case the plaintiff gave testimony which, if credited by the jury, would
have entitled him to a verdict. The trial judge apparently did not credit it,
and it is quite likely that his view of the testimony was the correct one;
but the difficulty with the situation is that, under our method of procedure,
it was the province of the jury, not the court, to say whether his testimony
was entitled to belief."

In those cases there was apparently a much more flagrant attempt
to fit the testimony to the changed condition than in the present one.
Northam did not contradict his testimony on the former trial, but
supplied an important fact omitted, although essential to a recovery;
and he is borne out to a certain extent in his narrative by two other
witnesses. It is also to be observed that apparently Northam has

no direct interest in the present case, as he has made a general assignment for the benefit of creditors, and this action is being prosecuted by the assignee for their benefit.

I realize that much latitude should be allowed a trial judge upon motions of this kind, and have high regard for the fairness and discernment of the learned judge who granted this motion; but, as I view the case, it presented a question of fact for the jury, and the court exceeded its authority in overturning the verdict, as it was not against the weight of evidence. Where there is a clear question of fact, it is not the province of the court to set aside the conclusion reached by the jury because it is not in accord with the judgment of the trial judge. I think the order should be reversed, and the verdict of the jury sustained.

WILLIAMS, J., concurs with SPRING, J.