tion therefor. We think the determination is abhorrent to justice and to any rule of equity which has been enunciated by the courts in any well-considered case. If the fee to the bed of the river in question is of no value, why does the city of Buffalo seek to acquire the same? The evidence shows conclusively that such property is valuable. The exact value may be difficult to determine, but that it is more than nominal is conclusively established. How appellant's property may be made available, or at present valuable, does not definitely appear; but that it has an intrinsic value cannot, under the evidence, be doubted. By this proceeding, and by the award, it is practically asserted by the city of Buffalo that it wishes to take property from the owner on the theory that it is of no value or use to such owner and to appropriate the same to its own use. No question of public policy is involved. There is no suggestion in this proceeding that the city could manage or control the fee of the bed of the river in such manner as would better protect the citizens of the city or as would better subserve the general interests of the public. So far as we are informed, the only purpose of the city is to acquire for nothing a property solely upon the ground that such property is of no value to the owner.

The order appealed from should be reversed, and new commissioners appointed by the Special Term to determine the compensation which should be paid to the owner of the premises in question, with costs to the appellant to abide event. All concur.

---

### WALTZ v. UTICA & M. V. RY. CO.

(Supreme Court, Appellate Division, Fourth Department. December 28, 1906.)

APPEAL—DISCRETION OF COURT—AWARDING COSTS.

The court, on setting aside a verdict, as authorized by Code Civ. Proc. § 999, because of the insufficiency of the damages awarded, is not required as a matter of law to award costs against the complaining party, but the question of costs is within its discretion, subject to review, and where it does not appear that an erroneous verdict resulted from the fault or mistake of the aggrieved party, the discretion of the court in setting aside the verdict, with costs, to the adverse party to abide the event, will not be disturbed.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 3, Appeal and Error, §§ 3881–3888.]

Appeal from Special Term, Oneida County.

Action by Jane Waltz against the Utica & Mohawk Valley Railway Company. From an order setting aside the verdict for plaintiff and granting a new trial, with costs to defendant to abide the event, on the ground that the damages awarded are insufficient, defendant appeals. Affirmed.

The action was commenced on the 24th day of July, 1905, to recover damages alleged to have been sustained solely through the negligence of the defendant. None of the evidence is contained in the record, and therefore it must be conclusively presumed that the verdict was properly set aside.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, NASH, and KRUSE, JJ.

Warnick J. Kernan, for appellant.
E. D. Lee, for respondent.

McLENNAN, P. J.   The only question presented by this appeal is whether or not a defendant is entitled to costs absolutely as matter of law, where, upon plaintiff's motion, a verdict in his favor is set aside and a new trial granted upon the ground that the amount of damages awarded by the jury is insufficient.

It has long been established·by authority that such disposition as to costs when a new trial is granted under section 999 of ·the Code of Civil Procedure because of errors committed by the trial justice is proper.   In the case at bar, so far as appears, the insufficiency of the verdict may have resulted entirely because of errors committed by the trial justice, because certain elements of damages were improperly withheld from the consideration of the· jury, or for various other causes.   But, even if it be assumed that the inadequacy of the verdict resulted solely from the error, mistake, or misconduct of the jury, we are unable to see how or why the party moving for the new trial should be punished because of an injustice done him without fault on his part.   Section 999 of the Code of Civil Procedure makes no such distinction.   The language is:

"The judge * * * may, in his discretion, * * * set aside the verdict, * * * and grant a new trial upon exceptions; or because the verdict is for excessive or insufficient damages. * * * "

By the language of the section the trial justice is given precisely the same power to set aside a verdict because insufficient as because of error in the admission or rejection of evidence which is raised by objection and exception, and we can conceive of no good reason why a different rule as to costs should be applied where the mistake which results in injury to a party is made by the jury rather than by the court.   If the trial judge can see that the jury have probably rendered an insufficient verdict because of the fault or neglect of the party complaining, but that still justice requires that a new trial be had, then certainly it should be granted upon condition that such party pay the costs of the trial.   But in the case at bar no such condition is made to appear, and we must assume that the verdict rendered was unjust to the plaintiff and that such injustice resulted without fault or mistake on his part.

We appreciate that the practice is not uniform in the different departments of the state, but after a careful examination of the adjudicated cases and consideration of the reasons urged in support of appellant's contention we are constrained to adhere to the rule adopted in this department, that, in setting aside a verdict and granting a new trial under section 999 of the Code of Civil Procedure "because the verdict is for excessive or insufficient damages," the trial court is not required as matter of law to award costs absolutely against the complaining party, but that the question as to payment of costs in such case is within the discretion of the trial court, subject, of course, to

review by this court, and that, where it does not appear that the errone-ous verdict resulted from the fault or mistake of the aggrieved party, the discretion of the trial court exercised as in the case at bar will not be disturbed.

It follows that the order appealed from should be affirmed, with $10 costs and disbursements to the respondent to abide event.

Order in so far as it relates to the costs awarded thereby affirmed, with $10 costs and disbursements to respondent to abide event. All concur.