### HALLETT v. S. LIEBMANN'S SONS BREWING CO.

(Supreme Court, Appellate Division, Second Department. December 30, 1908.)

1. TRIAL (§ 159*)—DISMISSAL—POWER OF COURT.

To justify a nonsuit, there must be no evidence which, if believed, would sustain a verdict for plaintiff; the evidence being undisputed, or so certain and convincing that no reasonable mind could come to but one conclusion.

[Ed. Note.—For other cases, see Trial, Cent. Dig. § 360; Dec. Dig. § 159.*]

2. MUNICIPAL CORPORATIONS (§ 706*)—STREETS—INJURY TO CHILD.

In an action for the death of a child, run over by a team, evidence *held* sufficient to go to the jury.

[Ed. Note.—For other cases, see Municipal Corporations, Dec. Dig. § 706.*]

Appeal from Trial Term, Kings County.

Death action by John W. Hallett, administrator of John W. Hallett, Jr., against S. Liebmann's Sons Brewing Company. Judgment of dismissal, and plaintiff appeals. Reversed, and new trial granted.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Argued before WOODWARD, HOOKER, GAYNOR, RICH, and MILLER, JJ.

George A. Baker, for appellant.
Frederick Hulse, for respondent.

RICH, J. At the close of the evidence upon the trial of this action the learned trial justice dismissed the complaint, and from the judgment accordingly entered the plaintiff appeals.

The action is to recover damages for the death of plaintiff's intestate, a child 8 years and 10 months old, who was run over and killed by a team of horses attached to a heavy truck owned by defendant and driven by one of its employés, in the conduct of its business. The question presented is whether the trial court was justified in taking the case from the jury. It is only where there is no evidence in law which, if believed, will sustain a verdict, that the court is called upon to nonsuit, and to justify such action the evidence must be undisputed, or so certain and convincing that no reasonable mind could come to but one conclusion. If there is ground for opposite inferences and a conclusion, then the case is for the jury, although the judge may entertain a clear and decided conviction as to which side of the controversy the truth is on. In a case which of right is triable by jury, the court cannot take from that tribunal the ultimate decision of a fact, unless that fact is either uncontradicted, or the contradiction is illusory and amounts to a mere scintilla. Bagley v. Bowe, 105 N. Y. 171, 179, 11 N. E. 386, 59 Am. Rep. 488.

The plaintiff's theory of the accident was that while the deceased was in the street, about 8 feet from the curb, and as he leaned over to pick up a paint brush, the team driven by defendant's employé, who admittedly had been drinking during the day, approached at terrific speed, the driver whipping the horses and forcing them into a gallop, the rig traveling zigzag across the street, first on one side and then on the other, the street being free from other horses and vehicles, and the driver having seen the child when 300 or 400 feet away, and, with no effort made to avoid such result, ran over and killed the child. This theory was supported by the evidence of six witnesses, who were in the immediate vicinity and saw the accident, five of whom were apparently disinterested, and the sixth a brother of the deceased.

The defendant contended that the team was being carefully driven and was under the control of the driver, traveling at a slow trot, and upon its reaching a point opposite where the children were standing on the walk they resumed play and started to run across the street, some passing in front of the horses, some behind the wagon, and the deceased ran in between the horses and the front wheel of the wagon, and was run over, without fault or negligence on the part of the driver. The driver's assistant, who was with him, and two apparently disinterested witnesses, were sworn, upon the testimony of one of whom the trial court seems to have acted in dismissing the complaint, as he said to counsel:

"It is perfectly clear to my mind that, not only have you failed to show proper care on the part of this poor boy, who was killed, but the other side

have shown the whole situation. They have shown that the game of 'Red Rover' was going on, and just how the accident occurred by the evidence of the boy Freisman. Case dismissed."

Freisman had testified that a game of "Red Rover" was in progress in the street, and that the deceased, while endeavoring to tag the witness, fell down and was run over. The testimony of this witness was at variance with that of every other witness sworn in the case on both sides, and his testimony that the game of "Red Rover" was being played was in direct conflict with all of plaintiff's witnesses, who testified that the children had stopped playing 10 minutes before the accident happened, and that while the deceased was stooping down to pick up the paint brush, which it appears his brother had taken away from him and thrown into the street, he was knocked down by the horses and run over by the wagon. Freisman also testified that, when the deceased fell down, the horses and wagon were "near the corner," which the map in evidence shows was at least 225 feet from the place of the accident, which I think corroborates the evidence of plaintiff's witnesses as to the rate of speed they were being driven.

Without stating in detail the testimony of the different witnesses, it is sufficient to say that the issues involved rested upon conflicting testimony, and it was the province of the jury, and not of the court, to determine where the truth lay.

The exception to the ruling of the trial court dismissing the complaint presents reversible error, and the judgment must be reversed, and a new trial granted; costs to abide the event. All concur.