## DECHAMBEAU v. AMES IRON WORKS.

(Supreme Court, Trial Term, Oswego County. January, 1910.)

1. MASTER AND SERVANT (§ 281*)—DEATH OF SERVANT—ACTION—CONTRIBUTORY NEGLIGENCE—EVIDENCE.

In an action for the death of a servant, evidence *held* not to show his freedom from contributory negligence so as to warrant a recovery.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 987–996; Dec. Dig. § 281.*]

On Motion to Resettle Order on Motion for New Trial.

2. NEW TRIAL (§ 163*) — ORDER GRANTING NEW TRIAL — STATEMENT OF GROUNDS.

An order granting a new trial on the ground that the verdict is against the weight of evidence is defective, where it does not state the grounds upon which it was granted under General Rule of Practice 31, providing that, when an order grants a new trial except on the exceptions taken at trial, it shall specify the grounds upon which the motion was made and upon which it was granted.

[Ed. Note.—For other cases, see New Trial, Cent. Dig. §§ 330–332; Dec. Dig. § 163.*]

3. NEW TRIAL (§ 161*)—CONDITIONS ON GRANTING—PAYMENT OF COSTS.

Where the verdict for plaintiff was contrary to the weight of evidence, the error being entirely that of the jury for which defendant was in no wise responsible, defendant should not be required to pay the costs as a condition of granting it a new trial.

[Ed. Note.—For other cases, see New Trial, Cent. Dig. §§ 321–323; Dec. Dig. § 161.*]

Action by Margaret Dechambeau, administratrix, against the Ames Iron Works. On motion to set aside verdict for plaintiff. Verdict set aside.

Miller & Matterson, for plaintiff.
Elisha B. Powell, for defendant.

MERRELL, J.   Motion by defendant to set aside verdict of jury, rendered upon the trial of the above cause, in favor of the plaintiff and against the defendant for $6,833.33, as against the weight of evidence. This verdict was rendered upon a second trial of the action; the judgment entered in plaintiff's favor upon the verdict rendered upon the former trial having been reversed by the Appellate Division, and the appellate court holding that the proof upon the former trial failed to show that the plaintiff's intestate was free from contributory negligence.

In the main the testimony presented by plaintiff upon this second trial is identical with that of the first. Indeed, much of the evidence on the first trial was, upon stipulation, read upon this trial with the same force as though the witnesses were personally present and testi-

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

fied. This course, however, was not adopted with the witness Ludwig Schultz, and it is upon the testimony of this witness that plaintiff insists that the criticism of the appellate court has been overcome, and the freedom from contributory negligence on the part of plaintiff's intestate established. So far as I am aware, no additional evidence tending in the least degree to show absence from contributory negligence is furnished by plaintiff here, except that of this witness Schultz.

Plaintiff's intestate sustained injuries resulting in his death from a crane running upon a track upon which he was standing or sitting while engaged in making some repairs to a nearby hoisting apparatus used in lifting boilers while being riveted.

The witness Schultz on the former trial testified at length as to his having observed at some distance a few minutes prior to the accident defendant's foreman, Grulich, apparently directing plaintiff's intestate to ascend the "tower" in which the hoisting apparatus was installed, presumably to make the needed repairs to a rope which had been broken and had become wound or tangled aloft. He testified as to his having observed Grulich, while apparently conversing with deceased, pointing up in the tower and making gestures and apparently directing deceased to ascend; that deceased at once went to the tower. On the first trial Schultz made no claim of having heard any conversation between the foreman and Dechambeau. Indeed, it appears that the noise and din of the boiler shop was so great that any conversation would have been inaudible, except at a very short distance. It was also disclosed upon his cross-examination that Schultz had twice previously to the first trial given his version of the transaction under oath, first, in making a sworn statement to some employer's liability company, and again when examined as a witness at the coroner's inquest, and that upon both these occasions his story substantially coincided with that afterward detailed upon the first trial. On neither of the occasions, either in making his statement to the liability company, nor when testifying before the coroner, nor upon the former trial did he make any pretense of having overheard any conversation between the foreman, Grulich, and plaintiff's intestate. Surely the alleged conversation was of sufficient importance that it would have impressed itself upon his memory on the three first occasions when the transaction was comparatively fresh in his mind. He now, after a lapse of five years, recalls it for the first time.

Upon all the evidence given upon the former trial the Appellate Division has held that there was a failure of proof of freedom from contributory negligence on the part of plaintiff's intestate. Upon the retrial the witness Schultz repeats his testimony substantially as given on the first trial, but adds thereto an alleged conversation which he claims to have overheard between Grulich and the plaintiff's intestate. For some reason not satisfactorily explained by him, Schultz claims just prior to the accident to have left his work of operating a winch in another "tower," and which employment would seem to have demanded his constant attendance at his post of duty, and without any reason or pretext as revealed by the evidence, to have casually come a considerable distance over to where the foreman and deceased were

talking and there heard Dechambeau ask the foreman, Grulich, if he would stop the crane, and that Grulich replied that he would. On cross-examination Schultz testified that the precise words he overheard were as follows:

"He said, 'Say, Charlie, will you stop that crane for me when I get up there?' and Mr. Grulich answered him, 'Why, yes, if you want it stopped.'"

It is upon this additional testimony that plaintiff insists that freedom from contributory negligence is shown, and that the verdict of the jury should stand.

This alleged conversation which Schultz claims to have overheard is positively denied by Grulich.

At the close of his statement to the employer's liability company, above referred to, Schultz, after detailing the events immediately preceding the accident, and in which most singularly no reference is made to this alleged conversation, says: "That is all I know of the matter." Would he have been likely to have omitted so important a matter if true? I think not.

Again, on the former trial, he testified that, after he saw Grulich motioning and gesticulating to Dechambeau, he saw the latter at once walk towards the "tower" and never saw him again until after the accident.

Upon his cross-examination Schultz is unable to furnish any satisfactory explanation for his omission to relate this alleged conversation on either of the three occasions when he had essayed to describe the occurrence as he observed it, except the stereotyped excuse that he was not asked. Nor does he attempt to explain his statements on the former occasions that he had then stated all that occurred. His testimony was equivocal and unsatisfactory, and his demeanor and appearance upon the witness stand was not of a character to inspire confidence in the candor of the witness, nor the truthfulness of his testimony. It is quite patent that he comes into this trial with the purpose of furnishing such testimony as might be deemed necessary to overcome the criticism of the Appellate Division. This new testimony is only such as by implication the appellate court declared to be necessary to sustain a verdict.

I regard this additional testimony as entirely unworthy of credence, and I believe that the verdict of the jury based thereon should be set aside as against the weight of evidence. Northam v. Dutchess Co. Mutual Ins. Co., 68 App. Div. 475, 74 N. Y. Supp. 29.

An order may be entered setting aside the verdict of the jury herein as against the weight of evidence, and for a new trial, with $10 costs to abide event.

#### On Motion to Resettle Order on Motion for New Trial.

Motion to resettle order on motion for new trial so that order shall state ground upon which granted, and allowing plaintiff full costs as a condition of granting same.

The form of the order is defective in that it does not state the ground upon which same was granted. General Rule of Practice, 31.

I do not think that plaintiff should be allowed costs. The verdict was contrary to the weight of evidence. The jury erred in giving undeserved credit to the testimony of plaintiff's witness Schultz, produced to overcome the criticism of the Appellate Division. The error was entirely that of the jury, for which defendant was in no wise responsible. It would be a gross injustice to require defendant to pay costs under the circumstances of this case. Plaintiff's motion in that respect should be denied. Waltz v. U. & M. V. R. Co., 116 App. Div. 563, 101 N. Y. Supp. 968.

An amended order may be entered in accordance with memorandum filed on deciding motion to set aside verdict, said order to state that verdict is set aside and new trial ordered on the ground that the verdict was against the weight of evidence, with $10 costs of this motion to plaintiff, to abide event.