GARNO v. BURGARD.

(Supreme Court, Appellate Division, Fourth Department.  December 10, 1915.)

NEW TRIAL ☞161—GROUNDS—PAYMENT OF COSTS.
    Defendant, who was entitled to a new trial because a witness confessed
to giving false testimony on the trial, should not be compelled to pay
costs as a prerequisite to a new trial, since he could not, by any diligence,
have discovered the true evidence, and the court owes the duty to the
public of purging its records of fraud, without penalizing the innocent
party.
    [Ed. Note.—For other cases, see New Trial, Cent. Dig. §§ 321–323; Dec.
Dig. ☞161.]
    Robson, J., dissenting.

Appeal from Special Term, Oswego County.
    Action by Louis Garno against Henry P. Burgard.  From an order
denying defendant's motion for new trial, he appeals.  Reversed, and
new trial ordered.
    See, also, 165 App. Div. 948, 150 N. Y. Supp. 1087.
    Argued before KRUSE, P. J., and ROBSON, FOOTE, LAM-
BERT, and MERRELL, JJ.

Edward C. Schlenker, of Buffalo, for appellant.
J. T. McCaffrey, of Oswego, for respondent.

LAMBERT, J.  The motion for a new trial in this case in its es-
sential characteristics is not founded on newly discovered evidence.
The impugning circumstances arose out of the confession of the wit-
ness Killen that he had given false (material) evidence on the trial of
the action, and hence diligence in any degree would not have disclosed
the groundwork of this motion before trial.  The verdict and the judg-
ment rest in fraud, perpetrated without the possible knowledge of the
defendant.  The court was imposed upon, as well as the defendant.
It would therefore be a mockery of justice to require the payment of
costs of a trial pregnated with confessed false evidence as a condition
of granting to the injured and faultless party a new trial.  The court
owes a duty to the public weal to purge its records of fraud, and it
should do so without penalizing an unoffending party.  The perjury
committed and confessed was not due to fault or mistake of the de-
fendant, and hence, within the reason of the rule in Waltz v. U. & M.
V. R. Co., 116 App. Div. 563, 101 N. Y. Supp. 968, the new trial here
given should be reversed, with costs of this appeal to the defendant
to abide the event of the action.
    Order denying motion for new trial on the round of newly discov-
ered evidence reversed, and motion granted, with costs to appellant
to abide event.  Judgment and order denying motion for new trial on
the minutes of the court vacated and set aside.  All concur, except
ROBSON, J., who dissents.

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes