(1 App. Div. 578.)

## BROWN v. FOSTER.

(Supreme Court, Appellate Division, First Department. February 21, 1896.)

INADEQUATE DAMAGES—PERSONAL INJURIES.

In an action for personal injuries, whereby plaintiff, who was prior to the injury earning $20 to $25 a week, was prevented for many weeks from prosecuting her business, and in the meantime suffered pain and incurred a doctor's bill, a verdict for the amount of such doctor's bill, and no more, is inadequate.

Appeal from circuit court, New York county.

Action by Nellie F. Brown against John S. Foster to recover damages sustained by plaintiff by falling on an icy sidewalk in front of defendant's premises, by reason of alleged negligence on the part of defendant. From an order granting a new trial on motion of plaintiff, defendant appeals. Modified.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, WILLIAMS, and PATTERSON, JJ.

O. F. Finnerty, for appellant.
M. F. Ennis, for respondent.

RUMSEY, J. The motion was granted upon the ground that the damages were insufficient. The jury, when they rendered a verdict for the plaintiff, resolved in her favor all the questions of fact on the merits; and it was then their duty to give her such a verdict as would compensate her for the injuries she had received. There is no doubt that these injuries, while they were not perhaps permanent, were grave. The rule in such a case is that, where the jury conclude that the plaintiff is entitled to recover, they must, in assessing the damages to be awarded, consider all the heads of damage in respect of which a plaintiff is entitled to compensation. These are the bodily injuries sustained; the pain suffered; the effect on the health of the sufferer, according to its degree and its probable duration; the

expenses incidental to an attempt to effect a cure or to lessen the injury; the pecuniary loss sustained through inability to attend to a business, as to which, again, the injury may be temporary or permanent. If they have taken all these elements of damage into consideration, and have awarded what they deem a fair and reasonable compensation under the circumstances of the case, a court ought not, unless under very exceptional circumstances, to disturb their verdict. Phillips v. Railway Co., 4 Q. B. Div. 406. The rules laid down in that case are well sustained, and the case was one which was carefully considered. The court there set aside as inadequate a verdict for plaintiff for £7,000 sterling, holding that the jury must have omitted to take into account some of the heads of damage which they should have considered. The case has become a leading one upon the point involved.

In the case at bar it appeared that Mrs. Brown was a trained nurse by profession, earning from $20 to $25 a week. By the injury, her leg was broken, and she was rendered unable to work. This occurred on March 29th. It was proven clearly that she was kept from her business for many weeks. The usual pain necessarily accompanied and followed such an injury. She incurred a doctor's bill for $108. The jury, finding that she was entitled to a verdict, gave her one for the amount of her doctor's bill, and no more. The statement of the facts condemns the verdict, and justifies the order. But it is the rule that, when a new trial is granted for error of the jury, costs of the former trial should be imposed upon the party asking for it, as a condition of granting the favor. Bailey v. Park, 5 Hun, 41; O'Shea v. McLear (Sup.) 1 N. Y. Supp. 407. Because this condition was not imposed, the order must be modified by requiring the plaintiff to pay the costs and disbursements of the former trial, as a condition of granting the new trial, and, as modified, affirmed.

Order modified by inserting that the new trial is granted upon condition that the plaintiff shall pay to the defendant the costs and disbursements of the former trial; neither party to have costs of this appeal. All concur.