(33 Misc. Rep. 580.)

AIELLO v. AARON et al.

(Supreme Court, Trial Term, New York County. March 6, 1900.)

NEGLIGENCE—ACTION FOR INJURIES—DAMAGES—NEW TRIAL.

The evidence of defendant's negligence in an action for an injury received thereby was very weak, but a verdict for nominal damages was returned for the plaintiff. Plaintiff's thumb was amputated as a result of the injuries received, and he expended $35 for medical services, but there was evidence that the loss of the thumb might have been due to plaintiff's neglect of the wound. *Held*, that the failure to award actual damages would authorize a new trial on plaintiff's motion, since the jury, having determined the doubtful facts in plaintiff's favor, should have allowed actual damages.

Action by one Aiello against Aaron and others. Verdict for nominal damages in favor of plaintiff, and he filed motion for a new trial. Granted.

David Leventritt, for plaintiff.

Louis Steckler, for defendant.

GILDERSLEEVE, J. The motion is to set aside a verdict in favor of the plaintiff for nominal damages, on the ground of insufficiency in the amount awarded. The action is for a personal injury caused by the negligence of the defendants. The plaintiff used a dumb-waiter belonging to defendants, and was injured by reason of the defective condition of the rope. The jury, by their verdict, found that this rope was defective, and that defendants had knowledge, either actual or constructive, of such defection, and were guilty of negligence in the matter. The jury also by their verdict found that plaintiff was free from contributory negligence. Having, therefore, reached the conclusion that the plaintiff had established a cause of action, the jury were bound to award him reasonable compensation for the injuries that he had sustained. O'Shea v. McLear (Sup.) 1 N. Y. Supp. 407; Brown v. Foster, 1 App. Div. 578, 37 N. Y. Supp. 502; Smith v. Dittman (Com. Pl.) 11 N. Y. Supp. 769; Kelly v. City of Rochester (Sup.) 15 N. Y. Supp. 29. It is not disputed that plaintiff acted lawfully and properly in his use of the dumb-waiter. It appears from the evidence, as I recall it, that the plaintiff's thumb was crushed and mangled, and that he was obliged to have it in part amputated. It is true that there was something tending to show that plaintiff had at first neglected the wound, and that the erysipelas that set in was, or might have been, partly due to the dirty condition of the plaintiff's hand and thumb. The fact, however, remains that he lost his thumb, was confined to his bed for a considerable period, and incurred some expenses, having paid at least $35 for medical care. It must be said, on the other hand, that the testimony tending to establish the defendants' negligence was

very weak. There was, however, some evidence which, if given credit by the jury, would sustain a verdict in plaintiff's favor. It seems to me that the preponderance of evidence upon the character of the rope which held the dumb-waiter was with the defendants. However, the question of fact presented upon this branch of the case was one for the jury, and the court should not disturb their finding. But, as I have above stated, the jury having found for the plaintiff, and it appearing that plaintiff had paid at least $35 for necessary medical attendance, and had lost the first joint of his thumb, were not warranted in awarding the nominal damages of 6 cents. If the plaintiff is entitled to a verdict in his favor, he should receive substantial damages. Motion for a new trial granted. Settle order on notice.