(33 Misc. Rep. 652.)

### SLOANE v. McCAULEY.

(Supreme Court, Trial Term, New York County. January, 1901.)

1. PERSONAL INJURIES—DAMAGES—INSUFFICIENCY—VERDICT SET ASIDE.

Where the evidence showed that plaintiff received a fracture of his kneecap; that he suffered great pain, and was permanently injured; that he was unable to work for about 120 days, during 2 months of which time he was in the hospital; and that he was earning $1.50 a day at the time of the accident,—a verdict in plaintiff's favor for 6 cents damages will be set aside as insufficient.

2. SAME—NEW TRIAL—COSTS OF FORMER TRIAL.

Where a motion for a new trial is based on error of the jury in bringing in a verdict for insufficient damages, the party making the motion must pay the costs of the former trial as a condition precedent to the granting of a new trial.

Action by John Sloane against John McCauley. Motion by plaintiff to set aside a verdict in his favor for insufficiency, and for a new trial. Granted.

Jerolomon & Arrowsmith (John Jerolomon, of counsel), for the motion.

Frederic J. Swift, opposed.

GIEGERICH, J. The jury by their verdict having determined the plaintiff's right to a recovery, it was their duty to award such damages as would compensate him for the injuries he received. Brown v. Foster, 1 App. Div. 578, 37 N. Y. Supp. 502; Aiello v. Aaron (Sup.) 68 N. Y. Supp. 186, per Gildersleeve, J. It appears from the plaintiff's evidence, without contradiction by the defendant, that the former received a fracture of the right kneecap; that he suffered great pain; that the injury is a permanent one; that in consequence of the injury he was unable to work for a period of about 120 days, 2 months of such time having been spent in a hospital; and that when the accident occurred he was earning $1.50 per day. It is obvious that in assessing the plaintiff's damages at 6 cents the jury did not take into consideration the items of damage whereby the plaintiff's right to a compensatory award is to be measured in an action of this character. "These are," said the court in Brown v. Foster, at page 579, 1 App.

Div., and page 502, 37 N. Y. Supp., "the bodily injuries sustained; the pain suffered; the effect on the health of the sufferer, according to its degree and its probable duration; the expenses incidental to attempts to effect a cure or to lessen the injury; the pecuniary loss sustained through inability to attend to a business, as to which, again, the injury may be temporary or permanent." The damages being unquestionably insufficient, the verdict must be set aside, and a new trial ordered. It is a rule that, where the motion for a new trial is based upon an error of the jury, it will be granted only on payment by the party making it of costs of the former trial as a condition to the granting of the favor. Brown v. Foster, supra; O'Shea v. McLear (Sup.) 1 N. Y. Supp. 407. The court in O'Shea v. McLear, supra, commenting upon the practice, said: "This rule seems to be too firmly established to be departed from, even in a case of seeming hardship." Motion granted upon payment by the plaintiff within 30 days after notice of entry of the order of the costs of the former trial.