WOLF COHEN, Appellant, *v.* LEWIS KRULEWITCH, Respondent.

*Costs — when they should not be imposed as a condition of granting a new trial.*

Where a verdict in favor of a plaintiff is set aside on the ground that he failed to prove his case, there is no rule which requires that costs shall be imposed as a condition of granting a new trial.

In an action to recover commissions for procuring a purchaser of real property for the defendant, the questions whether there was an employment, whether the plaintiff procured a purchaser and whether the defendant ever agreed to pay him for so doing, were submitted to the jury which found a verdict for the plaintiff.

The court set aside the verdict on the ground that there was no evidence that the purchaser was ever ready to sign the contract to purchase the defendant's property; no evidence that the contract between the defendant and purchaser was ever in fact prepared, and, therefore, no evidence that the plaintiff had obtained a person who was ready to purchase on terms satisfactory to the defendant, and that the weight of evidence was against the plaintiff.

*Held,* that costs should not have been imposed as a condition of granting a new trial.

HATCH, J., dissented.

APPEAL by the plaintiff, Wolf Cohen, from an order of the Supreme Court, made at the New York Trial Term and entered in the office of the clerk of the county of New York on the 25th day of November, 1901, setting aside a verdict theretofore rendered in favor of the plaintiff and directing a new trial of the action.

*Alice Serber,* for the appellant.

*Louis J. Vorhaus,* for the respondent.

INGRAHAM, J.:

The action was brought to recover commissions for procuring a purchaser of certain property belonging to the defendant. The plaintiff testified that he was employed by the defendant to procure a purchaser of this property ; that he procured a purchaser therefor upon terms satisfactory to the defendant ; that the defendant subsequently refused to complete the purchase and thereby the plaintiff became entitled to his commissions. The defendant denied the employment ; denied that the plaintiff ever procured a purchaser of the property, or that he ever promised to pay him any commissions. The case was submitted to the jury who found a verdict for the plaintiff, whereupon the court, on motion, set aside the verdict and ordered a new trial upon the ground that there was no evidence that the purchaser was ever ready to sign the contract to purchase the defendant's property and no evidence that the contract between the defendant and the purchaser was ever in fact prepared, and, therefore, no evidence that the plaintiff had done what he contracted to do — obtain a person who was ready and willing to make an exchange with the defendant for the property that was satisfactory to the defendant, and also upon the ground that the weight of evidence was against the plaintiff, and as the plaintiff had the burden of proof the jury should have found for the defendant in the case and not for the plaintiff.

We think the court was entirely justified in setting aside the verdict for the reason assigned by the trial judge, and that the jury were not justified upon the evidence in finding a verdict for the plaintiff. The plaintiff insists, however, that the court should have imposed costs upon the defendant as a condition for granting the motion to set aside the verdict. Where a motion is made to set aside a verdict upon the ground that the plaintiff has failed to prove his case, there is no rule that requires that costs should be imposed as a condition for granting a new trial. In such a case a new trial is not granted as a matter of discretion, but as a matter of right, and we do not think the court would then be justified in imposing costs as a condition for granting a new trial. While it is proper for the court to impose costs upon granting a new trial where there was a proper case for the submission of the question to the jury, but where for some reason the court is satisfied that the verdict was not a fair determination of the question submitted to them or that justice requires that the case should be submitted to another jury, this is not such a case. Upon this record we think the court below was required to grant a new trial without the imposition of any costs upon the defendant.

It follows that the order appealed from should be affirmed, with costs.

Van Brunt, P. J., O'Brien and McLaughlin, JJ., concurred; Hatch, J., dissented.

Order affirmed, with costs.