## LASHAWAY v. YOUNG.

(Supreme Court, Appellate Division, Third Department. November 12, 1902.)

1. NEW TRIAL—CLAIM AGAINST AN ESTATE—DISCRETION OF COURT.

The action of a trial court in setting aside a verdict for plaintiff and granting a new trial in an action to establish a claim against an estate, on the ground that the verdict is against the weight of the evidence, will not be disturbed on appeal, where six witnesses testified that shortly after decedent's death plaintiff declared that decedent owed him nothing, though testimony was denied by plaintiff, and the claim was improbable.

2. SAME—CONDITIONS.

The discretion of the trial court in setting aside a verdict for plaintiff and granting a new trial in an action to establish a claim against an estate, on the ground that the verdict is against the weight of the evidence, without imposing as a condition the payment of the costs by the executor, will not be disturbed where the evidence shows that the executor had good grounds for rejecting the claim.

Appeal from trial term, Washington county.

Action by Carrie Lashaway against William E. Young, as administrator with will annexed of the estate of Frank Lashaway, deceased. From an order setting aside a verdict for plaintiff and granting a new trial, plaintiff appeals. Affirmed.

Argued before PARKER, P. J., and KELLOGG, SMITH, and CHASE, JJ.

James C. Rogers, for appellant.
W. L. Sawyer, for respondent.

SMITH, J. The order appealed from was made upon the ground that the verdict was against the weight of evidence. The trial judge had the witnesses before him, and could better judge than can we of the credit which should be given to their testimony. The exercise of this discretion in granting a new trial should not be interfered with unless the record shows such a clear right to the verdict obtained as to leave no room for doubt. The contest before the jury was over a claim against an estate. Six witnesses swore that at a time shortly after the death of the decedent plaintiff declared that the decedent owed nothing. While this was denied by the plaintiff, the trial judge deemed it improbable that she had worked, as was shown, without any payment whatever from the deceased. We have examined the record, and we find abundant cause for the doubts expressed by the trial judge.

The appellant further claims that the order, if justified, should not have been made except upon condition of the payment of costs

¶ 2. See Appeal and Error, vol. 3, Cent. Dig. § 3809.

by the executor. The rule in this department as to the condition to be imposed upon the granting of a new trial on the ground that the verdict is against the weight of evidence is stated in People v. Glasgow, reported in 30 App. Div. 97, 98, 52 N. Y. Supp. 26, 27. It was there held that a party should not be invariably charged with costs as a condition to the granting of such a motion, but that the matter rested in the sound discretion of the trial court. Justice Merwin, in writing for the court, said:

"There is no doubt that if a new trial is granted solely upon the ground that the verdict is against the weight of evidence the terms to be imposed in the matter of costs are in the discretion of the court. That being so, it would, I think, logically follow that each case must depend upon its own circumstances, and that no fixed rule could properly be adopted to apply alike to each case. * * * It is largely a matter of practice, and in this department it has been considered the better way not to adopt a fixed rule, but to allow each case to be determined upon its own circumstances."

In this case the learned trial judge has exercised his discretion, and refused to impose such terms as a condition for the granting of a new trial. The defendants are representatives of an estate. From the evidence which they presented, they had good grounds for rejecting plaintiff's claim. We cannot say, under the circumstances of the case, that the trial judge in refusing to charge the defendants with costs has violated the judicial discretion which the law has given him.

The order should therefore be affirmed, with costs. All concur.