### PERLBERGER v. GRELL, Sheriff.

(Supreme Court, Appellate Division, First Department. December 5, 1902.)

1. SHERIFF—WRONGFUL ATTACHMENT—ACTION BY THIRD PERSON—PROPERTY ADDED BY PURCHASER—VALUE—ADMISSIBILITY OF EVIDENCE.

In an action against a sheriff for wrongfully converting property of a third person, consisting of store fixtures, etc., under a warrant of attachment, the purchaser under the attachment testified that he had added certain shelving. A witness for plaintiff had previously testified as an expert that shortly before the trial he had examined the property, and he gave an estimate of its value. Held, that a question to the purchaser as to the amount he paid for the shelving added by him was improperly excluded, the evidence being competent as tending to fix the amount to be deducted from the expert's estimate.

Appeal from trial term, New York county.

Action by Morris Perlberger against William F. Grell, as sheriff of New York county. From a judgment for plaintiff, and from an order denying a new trial on the minutes, defendant appeals. Reversed.

Argued before VAN BRUNT, P. J., and HATCH, McLAUGHLIN, O'BRIEN, and INGRAHAM, JJ.

Frank L. Crocker, for appellant.
I. Henry Harris, for respondent.

INGRAHAM, J. The only question presented upon this appeal arises upon an exception to a ruling upon testimony as to the cost of certain fixtures which the witness stated that he placed in the building. The action was for a conversion by the defendant of certain merchandise, consisting of groceries, of the alleged value of $3,470, and certain store fixtures, of the alleged value of $1,000. The defendant justified under a warrant of attachment issued out of the city court against the property of Edward Arndt and Reynolds Arndt, the defendant alleging that under such warrant of attachment he levied upon certain goods and chattels of the character described in the complaint, and alleging that said goods and chattels were the property of the said defendants in the attachment action, and that they had a leviable interest therein. The plaintiff testified that the fixtures consisted of counters, shelving, an ice box, show cases, scales, and articles of this character, and that the reasonable value thereof was between six and seven hundred dollars. One Dokel, who purchased the property levied on, was called as a witness, and testified

that he made no change in the fixtures of that place since he purchased the business on the 5th day of July, 1901. One Moses was then called as an expert, and testified that he went to the store on the Thursday before the trial, and he valued the fixtures on the 14th day of June, 1901, the day of the conversion, making allowance for the wear and tear between the 14th day of June, 1901, and the day that he saw them, which seems to have been in the month of March, 1902, at between six and seven hundred dollars. On behalf of the defendant there was evidence tending to show that the value of these fixtures was much less than that specified by the witnesses for the plaintiff. Dokel was then recalled by the defendant, and testified that the value of the fixtures and grocery at the time he purchased them was between six and seven hundred dollars; that the fixtures in the building were the same at the time of the trial as when he took possession, except what shelving he put in. In answer to a question as to what shelving he put in, he said: "In the windows. And there was a big post in the middle of the store. I had eight or ten shelves put around there, about four or five feet, the window and the rolling door." He was then asked how much he paid for these improvements, which was objected to as immaterial, irrelevant, and incompetent. This was objected to, objection sustained, and an exception taken. He was then asked what, in his opinion, was the value of those fixtures, objection to which was also sustained, to which the defendant excepted. I think this testimony was clearly competent. Moses, who was the principal witness as to the value of these fixtures, testified that he did not examine them until three or four days prior to the trial. He must, therefore, have included the shelving that Dokel placed in the building in fixing the value of what he saw there, and this shelving was not a part of the property converted by the defendant. The plaintiff was not entitled to recover its value. Assuming that the witness testified only as to the shelving he put there, there is nothing in the record to show what the value of that shelving was, or what proportion it bore to the total value of the fixtures in the building. Assuming that Dokel was not qualified to testify as to the value of the shelving that he supplied, there can be no question but that the amount that they cost was some evidence of value. The evidence was competent to show that the property that Moses saw in the store, and upon which he based his testimony as to its value at the time of the conversion, included property which was not converted by the defendant, so that the jury could have before them the value of that property, and deduct it from the amount that Moses fixed as the value of the property that he saw, and upon which he based his estimate of value.

It follows that the judgment and order appealed from must be reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.