COHEN v. KRULEWITCH.

(Supreme Court, Appellate Division, First Department. December 5, 1902.)

1. NEW TRIAL—COSTS.

A verdict for plaintiff is properly set aside, and a new trial granted, without imposition of costs on defendant, where the ground is that plaintiff has failed to prove his case.

Hatch, J., dissenting.

Appeal from trial term, New York county.

Action by Wolf Cohen against Lewis Krulewitch. From an order granting a new trial after verdict for plaintiff at trial term, plaintiff appeals. Affirmed.

Argued before VAN BRUNT, P. J., and HATCH, McLAUGHLIN, O'BRIEN, and INGRAHAM, JJ.

Alice Serber, for appellant.

Louis J. Vorhaus, for respondent.

INGRAHAM, J. The action was brought to recover commissions for procuring a purchaser of certain property belonging to the defendant. The plaintiff testified that he was employed by the defendant to procure a purchaser of this property; that he procured a purchaser therefor upon terms satisfactory to the defendant; that the defendant subsequently refused to complete the purchase, and thereby the plaintiff became entitled to his commissions. The defendant denied the employment; denied that the plaintiff ever procured a purchaser of the property, or that he ever promised to pay him any commissions. The questions were submitted to the jury, who found a verdict for the plaintiff, whereupon the court, on motion, set aside the verdict, and ordered a new trial, upon the ground that there was no evidence that the purchaser was ever ready to sign the contract to purchase the defendant's property, and no evidence that the contract between the defendant and the purchaser was ever in fact prepared, and therefore no evidence that the plaintiff had done what he contracted to do,—obtain a person who was ready and willing to make an exchange with the defendant for the property that was satisfactory to the defendant,—and the weight of evidence was against the plaintiff, and, as the plaintiff had the burden of proof, the jury should have found for the defendant in the case, and not for the plaintiff. We think the court was entirely justified in setting aside the verdict, as, for the reason assigned by the trial judge, the jury were not justified upon the evidence in finding a verdict for the plaintiff. The plaintiff insists, however, that the court should have imposed costs upon the defendant as a condition for granting the motion to set aside the verdict. Where a motion is made to set aside a verdict upon the ground that the plaintiff has failed to prove his case, there is no rule that requires that costs should be imposed as a condition for granting a new trial. In such a case a new trial is not granted as a matter of discretion, but as a matter of right; and we do not think the court would then be justified in imposing costs as a condition for granting a new trial. While it is proper for the court to impose costs upon granting a new trial where there was a proper case for the submission of the question to the jury, but where, for some reason, the court is satisfied that the verdict was not a fair determination of the question submitted to them, or that justice requires that the case should be submitted to another jury, it would be proper to impose costs as a condition for granting a new trial, this is not such a case. Upon this record we think the court below was required to grant a new trial without the imposition of any costs upon the defendant.

It follows that the order appealed from should be affirmed, with costs. All concur, except HATCH, J., who dissents.