(50 Misc. Rep. 341)

### WILMERDING et al. v. FELDMAN et al.

(Supreme Court, Appellate Term. April 30, 1906.)

SALES—BREACH OF CONTRACT—ACTION BY SELLER.

In an action for breach of contract to purchase goods, stipulating that the order for the goods was placed on condition that the seller should not sell to the competitors of the buyer any of the samples of the goods covered by the order, the seller could not recover if the condition had been broken by him, no matter how unsubstantial the violation might appear.

Truax, J., dissenting.

Appeal from City Court of New York, Trial Term.

Action by John C. Wilmerding and others against Joseph Feldman and another. From a judgment for plaintiffs, defendants appeal. Reversed, and new trial ordered.

Argued before SCOTT, P. J., and TRUAX and BISCHOFF, JJ.

Sol. G. Strock and Frank Gardner, for appellants.
Emanuel Blumensteil, for respondent.

BISCHOFF, J. The issue was whether the plaintiffs' assignor, Akawo, had observed the condition of the contract in suit, whereby he agreed not to sell to competitors of the defendants any of the samples of matting covered by the contract and ordered by the defendants. There was a conflict of fact upon the question; the defendants having given evidence to show that certain of their local competitors had received some small amount of the matting for sale, and the testimony for the plaintiffs being to the effect that their assignor had made no sale or delivery of such goods to persons other than the defendants. The matter involved simply the identity of the samples of goods exhibited to the jury, and, in the absence of this real evidence, we cannot say that the jury should have found the samples to be identical. The stipulation contained in the case on appeal is, not that the samples were identical, but only that a witness had so testified; and it may well be that the jury found the fact otherwise, and accepted the testimony of Akawo that no sales were made of the goods ordered by the defendants.

In view of an instruction given the jury, however, the verdict may well have been reached upon an erroneous theory of law, and there must be a new trial. At the request of the defendants the court charged "that, if the jury find from the evidence that, if Akamo sold any of the patterns selected by the defendants to any of their Philadelphia competitors, they must find for the defendants, even though only a small quan-

tity of such rolls were sold"; but, at the plaintiffs' request, this was immediately followed by the instruction that "in order to so find there must have been a substantial violation of the contract," to which modification the defendants excepted. This was, in effect, an instruction that the plaintiffs' assignor, the seller, could violate an absolute condition of the contract of sale, and still recover for the defendants' subsequent refusal to accept deliveries, if the breach of the condition were deemed by the jury to be less than a substantial violation of the contract. The parties had made the violation substantial by inserting this condition in the agreement, and the character of the condition could not be changed by a ruling of the court or by the opinion of the jury. There was no room for an issue upon this point, and the defendants were entitled to a verdict if the condition had been broken as a matter of fact, no matter how unsubstantial the violation might appear to be in the view of the jury. The rule of substantial performance does not apply to an unequivocal condition of this nature (Wiles v. Provost, 6 App. Div. 1, 39 N. Y. Supp. 461), and it cannot be said that the error noted was harmless in its operation upon the close question of fact involved.

Judgment reversed, and a new trial ordered, with costs to the appellant to abide the event.

SCOTT, P. J., concurs.

TRUAX, J. (dissenting). Plaintiffs' assignor entered into a written contract with the defendants on March 14, 1903, by the terms of which the defendants purchased of plaintiffs' assignor 2,500 rolls of matting, to be delivered in quantities of 500 rolls per month, beginning in the following December. Of these rolls 500 were delivered in December, 500 in January, and 430 in February, all of which were accepted and paid for by the defendants. Acceptance of the balance was refused. The contract contained the following clause:

"This order is placed 'on' condition not to sell any of the samples we have selected to any of our Philadelphia customers."

Upon the trial the only substantial contention made by the defendants was that such condition had been violated. The trial judge charged the jury that, if they should find from the evidence that any of the patterns selected by the defendants had been sold by plaintiffs' assignor to any of the Philadelphia competitors of the defendants, they must find for the defendants, "even though only a small quantity of such rolls were sold." At the request of the plaintiffs this charge was modified by charging that the jury must find that there had been a "substantial violation of the contract." To this latter charge an exception was taken by the defendants, and a reversal of the judgment is asked for upon the ground that such charge was substantial error. To determine this question it must be ascertained whether or not there was any evidence showing, or from which the jury would be justified in finding, that plaintiff's assignor had sold any similar patterns to the defendants' competitors.

The contract between the parties contained the number of each pattern of matting to be furnished to the defendants. One of the defendants testified that in May, 1904, he purchased matting from the firms of

Waldman & Fastman and Kramer & Kan, and that the pattern of such matting so purchased was similar to the patterns agreed to be furnished by plaintiffs' assignor and specified in the contract. This matting was billed by the said firms to the defendants by numbers, and was in numbered wrappers, and aggregated the sum of $20 only in amount. Neither the numbers of the matting contained in the bill nor upon the wrappers correspond with those named in the contract, and, although the color of the matting is also specified in the contract, it was not shown that any of the matting so purchased was of similar color. Three bills of matting from the firm of Wilmerding, Morris & Mitchell, under dates of April 23d and 25th, respectively, to said firms of Waldman & Fastman and Kramer & Kan, were received in evidence. One of these bills was for 2 rolls of No. 50 and 16 rolls of No. 8,647 matting, and the other two bills were for 3 rolls of No. 9,032 and 5 rolls of No. 9,017 matting. None of these numbers are contained in the contract. These bills contained the statement that they were from the "department of G. C. Akawo" (plaintiffs' assignor). The purchase of a trivial amount of matting in May, 1904, which is not identified by number, color, or in any other way, except by the general statement of the witness that it is of like pattern, accompanied by proof of a sale to defendants' vendors of matting in April, 1904, from the department of the plaintiffs' assignor, this last sale again unidentified in any way as being similar to the matting purchased by the defendants in May or to the matting named in the contract, is no evidence that plaintiffs' assignor violated the terms of his contract by selling to defendants' competitors in business mattings of like pattern to that named in the contract. Non constat but that the mattings purchased by defendants in May, 1904, may have been a portion of the 1,430 rolls delivered to the defendants by plaintiffs' assignor in December, 1903, and January and February, 1904, which in due course of business reached the firms from whom defendants purchased.

This defense was evidently an afterthought, as in none of the several oral or written communications between the parties leading up to the absolute refusal on the part of the defendants to complete the contract was this reason urged as a ground for defendants' refusal to fulfill its terms. There being no evidence of a violation of the contract on the part of plaintiffs' assignor, the court would have been justified in directing a verdict for the plaintiff, and the request of the plaintiffs' counsel to charge, which was complied with by the court, does not constitute error.

Judgment should be affirmed, with costs.