·costs, and the demurrer overruled, with costs, with leave to the defendants to withdraw the demurrer and answer on payment of costs in this court and in the court below.

. O'BRIEN, P. J., and LAUGHLIN, J., concur. PATTERSON and CLARKE, JJ., dissent.

(113 App. Div. 46)

### ROBINSON v. INTERURBAN ST. RY. CO.

(Supreme Court, Appellate Division, First Department. May 11, 1906.)

1. APPEAL—REVIEW—DISCRETION OF TRIAL COURT—NEW TRIAL.

 The action of the trial court in setting aside a verdict as against the weight of evidence will not be disturbed on appeal unless there was clearly an abuse of discretion.

 [Ed. Note.—For cases in point, see vol. 3, Cent. Dig. Appeal and Error, § 3871.]

2. SAME—GRANT OF NEW TRIAL.

 In an action against a street railway for personal injuries, evidence *held* not so clearly sufficient to support a verdict in favor of plaintiff as to render it an abuse of discretion on the part of the trial court to set aside the verdict.

 [Ed. Note.—For cases in point, see vol. 3, Cent. Dig. Appeal and Error, § 3871.]

 Patterson, J., dissenting.

Appeal from Trial Term, New York County.

Action by Margaret Robinson against the Interurban Street Railway Company. From an order setting aside a verdict in favor of plaintiff, and granting a new trial, plaintiff appeals. Affirmed.

This is an action for damages for personal injuries sustained by the plaintiff by reason of the alleged negligence of the conductor of one of defendant's street cars. The plaintiff was thrown and injured while attempting to board one of defendant's cars, the accident happening at about midday. By the testimony of the plaintiff, who was uncorroborated as to the material details of the accident, she was waiting on the corner of the street when the car approached; she signaled to the conductor to stop the car; the conductor stopped the car for her; and just as she was getting on the car, just as she had one foot on the step, the conductor signaled the car to go ahead, the car started, and she was thrown to the street. The conductor of the car, the only witness for the defendant, and who had left the employ of the defendant about two years before the trial, stated that he saw the plaintiff upon the street corner; that he called out "East Side car"; that plaintiff made no move to get on the car and gave no indication of an intention to do so; that just as the car started slowly ahead after he had signaled, his "side vision caught a figure, like a shadow," and he perceived that some one was getting on the car and saw "the figure sliding right down by the handle"; that he immediately gave three bells, and the car came to a stop within a few feet. There was also conflicting testimony by experts as to whether the locomotor ataxia from which the plaintiff was suffering at the time of the trial could be attributed to the accident, and also considerable testimony given by witnesses for the defendant tending to show that plaintiff's character was bad. The jury rendered a verdict in favor of the plaintiff for $7,500. Upon motion by the attorney for the defendant the court set aside the verdict, as against the weight of evidence, and granted a new trial, and it is from the order entered on such motion that this appeal is taken.

Argued before O'BRIEN, P. J., and PATTERSON, McLAUGHLIN, LAUGHLIN, and HOUGHTON, JJ.

Robert C. Taylor, for appellant.
Charles F. Brown, for respondent.

O'BRIEN, P. J.   Upon the question of whether the learned trial court erred in setting aside a verdict we must keep in mind the rule which controls an Appellate Court in approaching the consideration of that question, and which requires that it should not disturb the disposition made unless it appears that the discretion vested in the trial judge has been exceeded or abused.   As said in Serwer v. Serwer, 71 App. Div. 415, 75 N. Y. Supp. 842:

"When a verdict has been set aside by the trial court in the exercise of its discretionary power as against the weight of evidence, its determination ought not to be reversed by an appellate tribunal unless it is made to appear beyond all cavil that great injustice has been done to the defeated party, or unless there has been an abuse of discretion. Bannon v. McGrane, 45 N. Y. Super. Ct. 517; Slater v. Drescher, 72 Hun, 425, 25 N. Y. Supp. 153."

And in Silverman v. Dry Dock, &c., R. R. Co., 69 App. Div. 23, 74 N. Y. Supp. 481, it is said:

"While it may be that there was not that preponderance of evidence which would justify an appellate tribunal in setting aside the verdict in the first instance, nevertheless it will not disturb the discretion of the trial court in so doing unless an abuse of that discretion appears."

With this rule in mind, we have examined the record on the present appeal, and without expressing our view as to the impression produced by the plaintiff's testimony which was the evidence upon which the verdict practically rested, it is sufficient to say that it was neither clear nor convincing upon the question either of the defendant's negligence or of her own freedom from contributory negligence.   When first examined on the trial her account did not make it appear just how the accident happened, and it was only after she had rested and a motion had been made to dismiss the complaint that she was permitted to reopen the case, and to again testify, and it was upon that examination conducted by the learned trial judge that sufficient evidence was elicited to carry the questions to the jury.   Contradicting her version of the accident, we have not only the inherent improbabilities of the occurrence as she details it, but we have evidence on behalf of the defendant which, if credible, should have led the jury to find a verdict in favor of the defendant, and had the jury done so, and the court refused to set it aside, we doubt if this court would have interfered with the decision thus reached.

This summary of the evidence, as bearing upon the weight in favor of and against plaintiff's right to recover, sufficiently indicates what impression a reading of this record will produce.   In addition the trial judge had the advantage of seeing the witnesses and their manner of testifying, an advantage which is not to be lightly disregarded where the question is presented as to the right which is vested in him to exercise his discretion on a motion to set aside a verdict.   The character of witnesses as affecting their credibility is also an element, the force of which can with greater certainty be determined by the trial judge. It would serve no useful purpose to detail the evidence disclosed by this record bearing upon the past habits of the plaintiff and necessarily

affecting her character further than to remark that it was entirely proper and competent for the learned trial judge, upon the motion to set aside the verdict, to determine how far this militated against the weight, which should be attached to her version of the accident. There is another consideration which should be referred to briefly. The jury concluded to accept her version of the accident and that they were greatly prejudiced against the defendant because of the effort made to exaggerate her failings and associations, bad as they were, is shown, we think, by the size of the verdict, which, considering the position in life, the extent of the injuries, and the age of the plaintiff, was excessive. Were this the only question on this appeal it could be remedied. In Pesant v. Met. St. Ry. Co., 96 App. Div. 634, 89 N. Y. Supp. 314, where a similar question was involved, this court reversed the order, and reinstated the verdict upon condition that the plaintiff would stipulate to reduce it to a sum commensurate with the damages proved. In that case the real conflict was with respect to the amount of damage; whereas, in the case at bar, the question of whether the plaintiff sustained the burden of proof by establishing the two elements, of negligence and freedom from contributory negligence, by a fair preponderance of evidence was, as we have endeavored to point out, not free from doubt.

The learned trial judge having after consideration resolved the question of the weight of evidence adversely to the plaintiff, we are unable to say that he erred or exceeded the discretion which was vested in him in ordering a new trial. We have not the disposition, even if we had the power, to lightly interfere with the discretion of a trial judge in setting aside a verdict because it is a power which is rightly vested in him, and which he is justified and should exercise in every case where he believes that the jury have been affected either by prejudice or passion, or where, upon all the facts, he thinks that in the interest of justice there should be a new trial before another jury.

This was peculiarly a case in which the court had the right to determine whether, in the interests of justice, a new trial was proper; and there being nothing in the record from which we can conclude that his discretion was improperly exercised, the order setting aside the verdict must be affirmed, with costs. All concur, except PATTERSON, J., who dissents.