(53 Misc. Rep. 401)

## McALPIN v. GARDEN.

(Supreme Court, Trial Term, New York County. March 19, 1907.)

CLUBS—STOCK—TRANSFER OF SHARES—REMEDIES OF PURCHASER—ACTION FOR DAMAGES.

In an action to recover for defendant's failure to deliver to plaintiff a share of stock in a shooting club, held, that the verdict·for plaintiff was against the weight of the evidence.

Action by George L. McAlpin against Hugh R. Garden. A verdict was returned for plaintiff, and defendant moves to set aside the verdict and for a new trial. Motion granted.

W. F. S. Hart, for plaintiff.
Battle & Marshall, for defendant.

DAYTON, J. Action to recover $4,000 damages for defendant's failure to deliver to plaintiff one full $5,000 share of the Santee Club upon the written contract, dated November 10, 1898, of the former so to do. The jury found for the plaintiff in the sum of $3,000 and interest. Defendant moves to set aside the verdict and for a new trial.

The Santee Club was a proprietary corporation for the use of its members as a shooting club. At the time of its incorporation the club owned no property, but it was intended by its promoters (of whom the plaintiff was one) to acquire certain lands in South Carolina. There was a change made in the par value and character of the shares, and on January 11, 1899, plaintiff received a certificate for one $1,500· proprietary share from the defendant "to be credited on our account." In February, March, and May, 1901, the club received transfers of lands in South Carolina. In March, 1903, defendant wrote to plaintiff that, on a reorganized plan of shares, a certain payment should be·

made to entitle him to the privileges of membership. On November 5, 1903, plaintiff delivered to the defendant a memorandum which included said $1,500 share, dues, etc., showing a balance in plaintiff's favor of $100, and on January 25, 1905, defendant gave to plaintiff a memorandum "on settlement," showing plaintiff's surrender of two $1,500 membership shares (including the aforesaid $1,500 share), and the delivery in lieu thereof of one membership share of $2,500, and crediting him with the above-mentioned $100 on the books of the club. While this memorandum is signed by the defendant, as president of the Santee Club, it is undisputed that the only agreement between these parties was that of November 10, 1898, and therefore said memorandum related only to that agreement. Plaintiff was a member of the club and participated in its privileges, and knew of its proceedings and financial operations. It appeared that one of the shares had been sold for $5,000 to a purchaser who was elected a member, and there was some evidence tending to show that the club had taken the land above mentioned at a consideration of about $100,000. Could a share in such a club as this have value as a security or property to be bought and sold in the market? The purchaser of such a share would not necessarily be entitled to membership. His election to the club would be a prerequisite to his enjoyment of its privileges or to any rights as a shareholder. It would seem that in any event plaintiff would be entitled only to nominal damages, but I regard the verdict as against the weight of evidence and as excessive on the whole case.

Motion granted, verdict set aside and new trial granted, without costs. Cohen v. Krulewitch, 77 App. Div. 126, 78 N. Y. Supp. 1044.