(55 Misc. Rep. 25)

### DUFFY v. CITY OF NEW YORK.

(Supreme Court, Trial Term, New York County. June 25, 1907.)

NEW TRIAL—CONDITION—PAYMENT OF COSTS.

Where, in an action for breach of contract, the verdict should have been for plaintiff in a substantial sum, or for defendant, and one was found for plaintiff for 6 cents, a new trial will not be conditioned upon plaintiff's payment of costs.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 37, New Trial, §§ 321-323.]

Action by Patrick J. Duffy against the city of New York for breach of contract. Motion by defendant to resettle an order to set aside a verdict for plaintiff, so as to provide that a new trial be conditioned upon plaintiff's payment of costs. Motion denied, except that at the end of the order there be added the words "without costs."

Kellogg & Rose, for plaintiff.
William B. Ellison, for defendant.

DAYTON, J. The order setting aside the verdict in plaintiff's favor for six cents was proposed by the defendant. The city now moves to amend, resettle, and otherwise correct said order, so as to provide that a new trial be conditioned upon plaintiff's payment of costs and disbursements.

Plaintiff claimed $14,000 damages, caused by defendant's alleged breach of contract. The case was elaborately tried, and, as submitted to the jury, the verdict should have been for the defendant or for the plaintiff in a substantial sum. I am referred to the following authorities for and in opposition to the motion:

Lough v. Romaine, 36 N. Y. Super. Ct. 332 (1873), held that costs should not be imposed as a condition for granting new trial. O'Shea v. McLear, 1 N. Y. Supp. 407, 48 Hun, 619 (Third Department, 1888), held that costs should be imposed as a condition of a new trial. "This rule seems too firmly established to be departed from even in case of seeming hardship." Brown v. Foster, 1 App. Div. 578, 37 N. Y. Supp. 502 (First Department, 1896), held that where a new trial is granted for an error of the jury costs should be imposed upon the party asking for it "as a condition of granting the favor." People v. Glasgow, 30 App. Div. 94, 52 N. Y. Supp. 24 (Third Department, 1898), in a review of many authorities, held:

"There is no doubt that if a new trial is granted upon the ground solely that the verdict is against the weight of evidence the terms to be imposed in the matter of costs are in the discretion of the court. That being so, it would, I think, logically follow that each case must depend upon its own circumstances and that no fixed rule could properly be adopted to apply alike in each case. The causes that produce such verdicts are varied, and it sometimes happens that the party obtaining the verdict is not without blame and should be awarded with costs when it is set aside."

Helgers v. Staten Island Midland R. R., 69 App. Div. 570, 75 N. Y. Supp. 34 (Second Department, March, 1902), held that costs must be paid as a condition of a new trial. "In accordance with the authority of these cases, and the long-settled practice of the Supreme Court, the order must be modified by inserting a provision requiring the defendant to pay the costs of the trial and all disbursements of the action to date, together with the costs of this appeal." Lashaway v. Young, 76 App. Div. 177, 78 N. Y. Supp. 366 (Third Department, November, 1902), sustaining an order setting aside a verdict for $200, held:

"We cannot say, under the circumstances of the case, that the learned trial judge in refusing to charge the defendants with costs has violated the judicial discretion which the law has given him."

Cohen v. Krulewitch, 77 App. Div. 128, 78 N. Y. Supp. 1044 (First Department, December, 1902):

"When a motion is made to set aside a verdict upon the ground that the plaintiff has failed to prove his case there is no rule that requires that costs should be imposed as a condition for granting a new trial. In such a case a

new trial is not granted as a matter of discretion, but as a matter of right, and we do not think the court would then be justified in imposing costs as a condition for granting a new trial."

In Waltz v. Utica & M. V. R. R., 116 App. Div. 563, 101 N. Y. Supp. 968 (Fourth Department, December, 1906), on plaintiff's motion a verdict in her favor was set aside, on the ground that the damages awarded were insufficient. The learned presiding justice, said:

"We appreciate that the practice is not uniform in the different departments of the state, but after a careful examination of the adjudicated cases and consideration of the reasons urged in support of the appellant's contention, we are constrained to adhere to the rule, adopted in this department, that in setting aside a verdict and granting a new trial under section 999 of the Code of Civil Procedure 'because the verdict is for excessive or insufficient damages,' the trial court is not required as a matter of law to award costs absolutely against the complaining party, but that the question as to the payment of costs in such case is within the discretion of the trial court, subject, of course, to review by this court, and that where it does not appear that the erroneous verdict resulted from the fault or mistake of the aggrieved party the discretion of the trial court exercised, as in this case at bar, will not be disturbed."

The granting of a new trial for error of a jury would seem to be a matter of right, not of favor. If a judgment is reversed on appeal, costs usually go to the appellant, who bears an analogy to a party to whom a new trial is granted. It is difficult to logically conclude that a party to an action concerning whom an anomalous verdict has been rendered should be penalized as a condition of redressing a wrong.

Motion to amend, resettle, and otherwise correct the order entered herein denied, except that at the end of said order there be added the words, "without costs."