ing the default seem to be a reasonable recompense for plaintiff's trouble in taking the inquest, under the circumstances disclosed.

So far as the sufficiency of the answer is concerned, the rule is that under a general denial the defendant may controvert by the evidence anything which the plaintiff is bound to prove in the first instance to make out his cause of action, or anything that he is permitted to prove for that purpose under the complaint; and defendant is not confined to a simple denial of the facts testified to on behalf of the plaintiff, but he may introduce any evidence which tends to show the transaction between the parties to be different from what the plaintiff claims it to be. Milbank v. Jones, 141 N. Y. 345, 36 N. E. 388; Tompkins v. Tompkins, 78 Hun, 220, 28 N. Y. Supp. 903. Under the general denial in the answer in suit, defendant could show that plaintiff's assignor did the work on defendant's books as a consideration for defendant's aid in procuring him a position, and that no charge was to be made for such work.

Some objection is made to the form of the order; but plaintiff is at liberty to move to resettle it, if its provisions as to restoring the case to the calendar are not sufficiently definite.

The order should be affirmed, but without costs of the appeal to either party.

---

(61 Misc. Rep. 440.)

### JOSEPH v. NEW YORK CITY RY. et al.

(Supreme Court, Trial Term, New York County. December, 1908.)

NEW TRIAL (§ 161*)—CONDITIONS—IMPOSITION OF COSTS.

Where the facts have been submitted to the jury, and its verdict is not in accordance therewith, a new trial may be ordered, without imposition of costs.

[Ed. Note.—For other cases, see New Trial, Cent. Dig. § 322; Dec. Dig. § 161.*]

Action by one Joseph against the New York City Railway and others. Verdict for plaintiff. Motion for a new trial, to be granted only on payment of costs. Denied.

G. A. Rogers, for plaintiff.

James L. Quackenbush (Royal H. Weller, of counsel), for defendants.

GOFF, J. The circumstance which made it necessary to set aside this verdict was the injustice done to the defendant John Kissel & Son in imposing upon it damages unwarranted by any evidence in the case.

Since both defendants were sued as joint tort-feasors, and a general verdict was returned against the two, it was impossible to set aside the verdict as to one and not as to the other. In the granting of such a motion great latitude of discretion is allowed the trial court in this department (Robinson v. Interurban St. Ry., 113 App. Div. 46, 98 N. Y. Supp. 918) and as a general practice the granting of costs is not made a condition (Duffy v. City of New York, 55 Misc. Rep. 25, 105 N. Y. Supp. 68; Seggerman v. Met. St. Ry., 38 Misc. Rep. 374, 77 N. Y. Supp. 905). The plaintiff has failed to cite any

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

.case in this department to the contrary. Those to which he has referred are all of the Second department, where a different practice would seem to prevail. The rule is well expressed in the words of Justice Ingraham, in the case of Cohen v. Krulewitch (77 App. Div. 126, 128, 78 N. Y. Supp. 1044, 1045):

"While it is proper for the court to impose costs upon granting a new trial, where there was a proper case for the submission of the question to the jury, but where for some reason the court is satisfied that the verdict was not a fair determination of the question submitted to them, or that justice requires that the case should be submitted to another jury, this is not such a case."

Had the original motion been granted as a matter of right, as in the case of Anderson v. Rome, W. & O. R. R., 54 N. Y. 334, no discretion as to the imposition of conditions would have been permitted the trial justice. No reason is shown why the usual practice of this department should be departed from as to either of the defendants in this case, and, as the law requires that a new trial be ordered for both, justice equally requires that it be granted without imposing conditions.

Motion denied.