### HUNTINGTON v. RODGERS.

(City Court of New York, Special Term. March 5, 1909.)

1. COURTS (§ 189\*)—CITY COURTS—NEW TRIAL—GROUNDS—INADEQUACY OF DAMAGES.

If the damages awarded plaintiff in an action in the City Court of New York were inadequate, that court properly set aside the verdict and awarded a new trial.

[Ed. Note.—For other cases, see Courts, Dec. Dig. § 189.\*]

2. COURTS (§ 190\*)—CITY COURTS—APPEAL—STAY OF PROCEEDINGS.

While the Trial Term of the City Court of New York could set aside a verdict for plaintiff for inadequacy of damages, and grant a new trial, plaintiff will be stayed from proceeding further until the Appellate Term of the Supreme Court determines, on defendant's appeal from the order setting aside the verdict, whether the Trial Term of the City Court had that power, on condition that the appeal be argued at the next term; plaintiff not being prejudiced by granting the stay.

[Ed. Note.—For other cases, see Courts, Dec. Dig. § 190.\*]

\*For other-cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Action by Bryon O. Huntington against John C. Rodgers. On motion to stay further proceedings by plaintiff until the Appellate. Term of the Supreme Court determined whether the Trial Term of the City Court could set aside a verdict for inadequacy of damages. Motion granted, on conditions.

House, Grossman & Vorhaus, for plaintiff.
Rollins & Rollins, for defendant.

FINELITE, J. The defendant obtained an order to show cause, returnable this day, why an order should not be made staying the plaintiff from proceeding further with this action until the Appellate Term of the Supreme Court passes upon the question whether a judge presiding at a Trial Term of this court had a right to set aside a verdict rendered by the jury in favor of the plaintiff for the sum of $50 and grant a new trial. An order was entered thereon, and an appeal was taken therefrom and perfected.

The facts are that a motion was made to set aside the verdict of the jury and for a new trial on the ground that said verdict rendered by them was inadequate. The trial judge, in setting aside the verdict and granting a new trial, relied upon the cases of Brown v. Foster, 1 App. Div. 578, 37 N. Y. Supp. 502, and De Yaulus v. N. Y. City Ry., 49 Misc. Rep. 648, 97 N. Y. Supp. 995, on the question whether the amount was sufficient to compensate the plaintiff. The question is: Are the damages found by the jury nominal or substantial? If the amount was inadequate, the court was justified in setting aside the verdict. However, it would be advisable to stay the trial until the Appellate Term disposes of the appeal from the order, which appeal can be disposed of at the next Appellate Term. I cannot see that the plaintiff would be prejudiced by granting the stay applied for.

The motion will be granted on condition that the appeal will be argued at the April Term; if not, the motion is denied. Settle order on one day's notice.