to open it after it had been closed; but the city contends that it was lawfully closed and refuses to open the same. In such a case, when the city itself refused to protect the rights of the public to the use of the street, the plaintiffs had the right to bring the action and make the city a party under the rule that, where a trustee refuses to perform his duties, the cestui que trust may bring the action to enforce the obligation enjoined upon the trustee. Overton v. Village of Olean, 37 Hun, 47. Whether the question is to be determined by the original complaint or by the amended complaint, or by the mere service of the summons alone, I think the cause of action was saved by the exception.

I may add that, if the plaintiffs are not entitled to the relief awarded by the judgment, I do not see how they can maintain the action at all, so far as anything is disclosed by this record, and the complaint might as well be dismissed here.

---

(79 Misc. Rep. 368.)

### JONES v. MARMAC CONST. CO. et al.

(City Court of New York, Trial Term. February 10, 1913.)

NEW TRIAL (§ 161*)—ORDER—GROUNDS—IMPOSITION OF COSTS.

> Where a motion for a new trial was granted to defendant on grounds specified in Code Civ. Proc. § 999, and defendant was in no way responsible for the error or defect which was the basis of the order, costs will not be imposed on defendant as a condition thereof.

> [Ed. Note.—For other cases, see New Trial, Cent. Dig. §§ 321–323; Dec. Dig. § 161.*]

Action by Robert H. Jones against the Marmac Construction Company, impleaded with others. On motion for the imposition of costs on defendant as a condition for the granting of a new trial. Denied.

Levy & Frankenthaler, of New York City (Felix H. Levy, of New York City, of counsel), for plaintiff.

Jessie Grant Roe, of New York City (Walter J. Rosenstein, of New York City, of counsel), for defendants.

FINELITE, J. The defendant's motion to vacate the verdict in favor of the plaintiff was upon the grounds stated in section 999 of the Code of Civil Procedure, and, the motion having been granted, the court directed that the order should be settled upon notice. The order having been presented for settlement, plaintiff contends that said motion should be granted only on payment of taxable costs to him, and relies upon the case of Cohen v. Krulewitch, 77 App. Div. 126, 78 N. Y. Supp. 1044, to sustain his contention. It was there held:

> "That where a motion is made to set aside a verdict upon the ground that the plaintiff has failed to prove his case, there is no rule that requires that costs should be imposed as a condition of granting a new trial. In such a case a new trial is not granted as a matter of discretion, but as a matter of right, and we do not think the court would then be justified in imposing costs as a condition for granting a new trial. While it is proper for the court to impose costs upon granting a new trial, where there was a proper

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

case for the submission to the jury, but where from such reason the court is satisfied that the verdict was not a fair determination of the question submitted to them, or that justice requires that the case should be submitted to another jury, this is not such a case."

But in the Third Department, on the contrary, the rule has been established that a party should not invariably be charged costs as a condition to the granting of such a motion, but that the matter rests on the sound discretion of the trial court. People v. Glasgow, 30 App. Div. 97, 52 N. Y. Supp. 24; Lashaway v. Young, 76 App. Div. 177, 78 N. Y. Supp. 366. In the Fourth Department, in Waltz v. Utica & Mohawk Valley R. R., 116 App. Div. 563, 101 N. Y. Supp. 968, it was held:

"The only question presented by this appeal is whether or not a defendant is entitled to costs absolutely as a matter of law, where, upon plaintiff's motion, a verdict in his favor is set aside and a new trial granted upon the ground that the amount of damages awarded by the jury is insufficient. * * * If it be assumed that the inadequacy of the verdict resulted solely from the error, mistake, or misconduct of the jury, we are unable to see how or why the party moving for the new trial should be punished because of an injustice done him without fault on his part. * * * We appreciate that the practice is not uniform in the different departments of the state; but after a careful examination of the adjudicated cases, and consideration of the reasons urged in support of appellant's contention, we are constrained to adhere to the rule, adopted in this department, that in setting aside a verdict and granting a new trial under section 999 of the Code of Civil Procedure, because the verdict is for excessive or insufficient damages, the trial court is not required as matter of law to award costs absolutely against the complaining party, but that the question as to payment of costs in such case is within the discretion of the trial court, subject, of course, to review by this court, and that where it does not appear that the erroneous verdict resulted from the fault or mistake of the aggrieved party the discretion of the trial court, exercised as in the case at bar, will not be disturbed."

In Rothenberg v. Brooklyn Heights R. R., 135 App. Div. 151, 119 N. Y. Supp. 1001, First Department, Clarke, J., writing the opinion of said court, stated in said case (135 App. Div. at page 154, 119 N. Y. Supp. at page 1004):

"It should be said that, although the decisions hereinbefore cited in this department have not been followed by this court for a number of years, they have not been formally overruled. Upon a thorough re-examination of this question in the light of the decided cases, we think that the rule as established by the Appellate Division in the Third and Fourth Departments should be adopted in this department as formulated by the presiding justice of the Fourth Department in Waltz v. Utica & Mohawk Valley R. R., supra. There may be cases where the erroneous verdict has been caused by the fault, mistake, omission, or improper conduct of a party to the action. The imposition of costs in such a case would be justified; but it is entirely illogical, when justice requires the setting aside of a verdict due to the mistake of the jury for which the party is in no way responsible, that he should be penalized therefor."

See, to the same effect, Wilmerding v. Feldman, 54 Misc. Rep. 626, 104 N. Y. Supp. 776; Duffy v. City of N. Y., 55 Misc. Rep. 25, 105 N. Y. Supp. 68.

As the court has set aside the verdict herein upon the grounds as alleged in section 999 of the Code of Civil Procedure, the motion for the imposition of costs as a condition for granting a new trial must be denied. Order signed.