■ ANNA BLOCH et al., Respondents, v CITY OF NEW YORK et al., Appellants.—In a negligence action to recover damages for personal injuries, etc., the defendants appeal from an order of the Supreme Court, Kings County, dated October 14, 1977, which granted the plaintiffs' motion to set aside the verdict of the jury in favor of the defendants and "set down" the action for retrial. Order affirmed, with one bill of $50 costs and disbursements. During its deliberations in this negligence action the jury requested that all of the testimony of three major witnesses be read. The Trial Judge denied the request as "unreasonable" and "unfair" and stressed that the jury should rely on its recollection, if possible. However, the court then repeated the instruction it gave during the charge, that the jury could request that any *part* of the testimony be read. The jury subsequently requested that all of the testimony of the plaintiff, one of the three major witnesses, be read. The Judge granted this request. Shortly thereafter the jury again contacted the Judge and stated that they were at an impasse and needed guidance. The jury finally returned a verdict for the defendants. Upon written motion the Trial Judge set aside the verdict on the ground that his failure to comply with the jury's initial request to read the testimony of three of the witnesses constituted prejudicial error. In light of the uncertainty in the minds of the jurors, this court is of the opinion that the Trial Judge erred when he denied their request to rehear three of the witnesses' testimony. Under the circumstances, the denial of the jury's request was prejudicial error (see *Kerner v Surface Transp. Corp. of N. Y.,*

266 App Div 356, affd 293 NY 881). This court will not disturb a decision by the Trial Judge to set aside a verdict and order a new trial because of an error which he made during the trial as long as he did not abuse his discretion in so doing (cf. *Robinson v Interurban St. Ry. Co.,* 113 App Div 46). In light of our disposition herein, we do not pass on the other contentions raised on appeal. Suozzi, J. P., O'Connor, Lazer and Gulotta, JJ., concur.